UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Alacia C. Quinton as PR for the Estate of April Lynn Quinton, ) ) ) | Civil Action No.: 1:10-cv-02187-JMC |
| Plaintiff, ) ) | |
| v. ) ) | Defendants' Motion for Partial Summary Judgment on Plaintiff's Punitive Damages Claims |
| Toyota Motor Corporation; Toyota Motor Sales U.S.A., Inc.; Toyota Motor Engineering and Manufacturing North America, Inc.; Toyoda Gosei North America Corporation, ) ) ) ) ) ) ) ) | |
| Defendants. ) ) | |

Defendants, Toyota Motor Corporation, Toyota Motor Sales U.S.A., Inc., Toyota Motor Engineering and Manufacturing North America, Inc., and Toyoda Gosei North America Corporation (hereinafter "Defendants") file this Motion for Partial Summary Judgment, pursuant to Federal Rule of Civil Procedure 56, on Plaintiff's punitive damages claim. The Defendants are entitled to summary judgment in this automotive product liability action because Plaintiff is unable to show by clear and convincing evidence that the Defendants acted in a willful, wanton, or reckless manner regarding April Quinton's rights.

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On October 14, 2009, April Quinton was driving a rented 2009 Toyota Camry when she was involved in a single-vehicle accident. As she drove north into a left-hand curve, the vehicle exited the road to the left, struck an embankment, rolled a number of

times, and came to rest on its wheels. Ms. Quinton sustained fatal injuries in the accident and died on October 23, 2009.

Plaintiff sued the Defendants asserting product liability causes of action based on strict liability, negligence, and breach of warranties. Specifically, in her Second Amended Complaint,[1] Plaintiff claims that Ms. Quinton's death was a result of alleged design and manufacturing defects of three systems: (1) the seat belt restraint system, (2) the supplemental restraint system (including side curtain airbags), and (3) the roof structure. In addition, Plaintiff claims that "…because of the defendants reckless, willful, negligent and grossly negligent conduct, this Plaintiff is entitled to punitive damages…" See 2nd Amended Complaint, Paragraph 31 (attached hereto as **Exhibit A**).

## II. LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "[I]n evaluating a motion for summary judgment, the court must view the record in the light most favorable to the nonmoving party." Perini Corp. v. Perini Const., Inc., 915 F.2d 121, 124 (4th Cir 1990).

---

[1] Plaintiff filed her Second Amended Complaint on August 3, 2011 adding defendant Toyoda Gosei North America Corporation as a party to the litigation. This is the operative Complaint for this action.

### III.  LEGAL ANALYSIS

Plaintiff has failed to offer any evidence to support her punitive damages claim. Pursuant to South Carolina law, "[i]n any civil action where punitive damages are claimed, the plaintiff has the burden of proving such damages by **clear and convincing evidence**." S.C. Code Ann. § 15-33-135 (2002 Supp.) (emphasis added); see also Taylor v. Medenica, 324 S.C. 200, 479 S.E.2d 35 (1996) (reh'g denied).  An award of punitive damages is warranted **only** when the defendant's conduct is shown, by clear and convincing evidence, to be willful, wanton, or in reckless disregard of the rights of another.  South Carolina Farm Bureau Mut. Ins. Co. v. Love Chevrolet, Inc., 324 S.C. 149, 152, 478 S.E.2d 57, 58 (1996).

In fulfillment of their gate keeping responsibilities, South Carolina's trial judges have traditionally been required to assess the culpability of a defendant's conduct in order to determine whether or not punitive damages are available in a given case. South Carolina Farm Bureau, 478 S.E.2d at 58.  Only upon a showing by the plaintiff of willful, wanton, or reckless conduct, by clear and convincing evidence, may a jury consider an award of punitive damages to punish or deter similar conduct in the future. In other words, "liability must be established before a plaintiff can seek punitive damages."  McGee v. Bruce Hospital System, 344 S.C. 466, 470, 545 S.E.2d 286, 288 (2001) (citing Sanchez v. Clayton, 117 N.M. 761, 877 P.2d 567 (N.M. 1994 ) (an award for punitive damages must be supported by an established cause of action)).

In order to be punishable, the conduct at issue must include a "consciousness of wrongdoing" at the time of the conduct.  See Mattison v. Dallas Carrier Corp., 947 F.2d 95 (4th Cir. 1991).  Willfulness has been defined as "a conscious failure to exercise due

3

care." See Welch v. Epstein, 342 S.C. 279, 301, 536 S.E.2d 408, 419 (Ct.App. 2000); Nesbitt v. Lewis, 335 S.C. 441, 517 S.E.2d 11 (Ct. App. 1999).[2] Ordinarily, the test is "whether the tort has been committed in such a manner or under circumstances that a person of ordinary reason or prudence would have been conscious of it as an invasion of the plaintiff's rights." Cartee v. Lesley, 390 S.C. 330, 337 350 S.E.2d 388, 390 (1986). Only where more than one reasonable inference may be drawn from evidence regarding the culpability of the defendant's conduct is it appropriate to submit the question of punitive damages to the jury. See Welch, supra, 536 S.E.2d at 419.

As an initial matter, and despite the lenient pleading standard afforded a claim for punitive damages, the Plaintiff has failed to plead even one specific instance of conduct on the part of the Defendants that is willful, wanton, or with reckless disregard of the rights of another. During discovery, Toyota asked Plaintiff to identify the factual bases for her punitive damages allegations through contention interrogatories. Plaintiff responded to these interrogatories on August 23, 2011 as follows:

> 16. State each and every factual basis for Plaintiff's claim for punitive damages, and identify all documents and testimony that Plaintiff contends support the punitive damages claim.
>
> ANSWER: Objection. Overly broad and unduly burdensome; vague and ambiguous. Plaintiff also objects to this interrogatory in that it seeks information covered by the attorney work product doctrine and **calls for expert**

---

[2] In Stonehocker v. General Motors Corp., 587 F.2d 151 (4th Cir. 1978), the Court addressed the novel question of whether compliance with FMVSS 216, which was not in effect at the date of vehicle manufacture, was admissible to show due care with regard to vehicle design. The Court answered the question in the affirmative, and noted that "custom is admissible against which a finder of fact may measure a standard of care….Safety codes promulgated by an industry or trade or like regulations have similarly been admitted." Id. at 157 (internal citations omitted). Thus, the Defendants' compliance with applicable safety standards may be considered as evidence of the exercise of due care in the design of the subject vehicle.

4

> **opinion**. Without waiving said objection, see the Complaint
> filed in this case.

<u>See</u> Plaintiff's Answers to Defendant Toyota Motor Sales, U.S.A., Inc.'s First Set of Interrogatories to Plaintiff, pg. 8 (attached hereto as **Exhibit B**) (emphases added).

Pursuant to the expert witness disclosure deadline in the Final Scheduling Order, Plaintiff disclosed her expert witnesses and produced her experts' written reports per Fed. R. Civ. P. 26(a)(2) on October 1, 2012. <u>See</u> Docket No. 90. Plaintiff's experts have provided no opinions to support an allegation that Defendants' conduct in the design, manufacture, distribution and sale of the 2009 Toyota Camry was willful, wanton, or with reckless disregard to the rights of another. No such evidence or opinions have been provided in any expert report, or in any expert witness deposition. Pursuant to FRCP 26(a)(2)(D)(ii), Plaintiff had until January 3, 2013 to disclose rebuttal opinions for her experts, but did not do so. Further, the discovery deadline in this case was January 18, 2013. As such, Plaintiff's opportunity to disclose any additional expert opinions has passed.

## IV.  CONCLUSION

No evidence has been presented by Plaintiff to support her punitive damages claim. Plaintiff has disclosed no expert testimony or other opinion evidence of any instance of willful, wanton, or reckless conduct on the part of the Defendants, and without such evidence, there is no genuine issue of material fact as to her punitive damages claim. Therefore, based on the foregoing, the Defendants request that summary judgment be granted in their favor on Plaintiff's punitive damages claims.

Respectfully submitted,

BOWMAN AND BROOKE LLP

By: s/Angela G. Strickland
Joel H. Smith
Federal Bar No. 3910
E-mail address:
joel.smith@bowmanandbrooke.com
Angela G. Strickland
Federal Bar No. 9824
E-mail address:
angela.strickland@bowmanandbrooke.com
1441 Main Street, Suite 1200
Columbia, SC 29201
Tel: 803.726.7420
Fax: 803.726.7421

*and*

Bard D. Borkon
(*Pro Hac Vice*)
E-mail address:
bard.borkon@bowmanandbrooke.com
Bowman and Brooke LLP
150 South Fifth Street, Suite 3000
Minneapolis, MN 55402
Tel: 612-672-3241
Fax: 612-672-3200

Counsel for Defendants,
*Toyota Motor Corporation, Toyota Motor Sales, U.S.A., Inc., Toyota Motor and Manufacturing North America, Inc., and Toyoda Gosei North America Corporation*

Date: February 14, 2013