**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**AIKEN DIVISION**

| | |
|---|---|
| **Alacia C. Quinton as PR for the Estate of April Lynn Quinton,** ) | **C/A No. 1:10-2187-JMC** |
| ) | |
| **Plaintiff,** ) | **MOTION TO COMPEL TOYOTA MOTOR CORPORATION, TOYOTA MOTOR SALES U.S.A., INC., TOYODA GOSEI NORTH AMERICA, AND TOYOTA MOTOR ENGINEERING AND MANUFACTURING NORTH AMERICA'S ANSWERS AND RESPONSES TO PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS** |
| **v.** ) | |
| **Toyota Motor Corporation, et al.,** ) | |
| **Defendants.** ) | |

## I.  RELIEF REQUESTED

This motion seeks an Order compelling Defendant, Toyota Motor Corporation, ("TMC"), Toyota Motor Sales U.S.A., Inc. ("TMS"), Toyoda Gosei North America Corporation ("TGNA") and Toyota Motor Engineering and Manufacturing North America, ("TEMA"), collectively "Toyota" to provide Plaintiff with meaningful and complete responses to Plaintiff's Second Set of Discovery.

## II.  BRIEF RELEVANT FACTS

April Lynn Quinton sustained massive head injuries when the 2009 Toyota Camry she was driving was involved in a single vehicle rollover crash. Ms. Quinton was unable to recover in the hospital and was soon taken off life support.  Plaintiffs assert that the subject Toyota Camry was not reasonably safe in design, and had the manufacturing defects not been present, Ms. Quinton would not have suffered the catastrophic injuries she sustained in this collision.  Toyota has disclosed several experts in this case.  Plaintiff propounded a Second Set of Discovery to Toyota on December 14, 2012, seeking

information about payments made by Toyota to the experts and their firms. (Ex. A). Toyota has provided no substantive information in response and objected on several grounds.[1] Plaintiff made good faith efforts to confer with Toyota to secure this information without court action before filing this Motion to Compel, pursuant to Local Civil Rule 7.02 DSC; however, such efforts were unsuccessful.

### III. EVIDENCE RELIED UPON

This Motion is based on the records and pleadings on file and the following exhibits:

|  |  |
|---|---|
| Exhibit A- | Plaintiff's Second Interrogatories and Requests for Product to Defendants |
| Exhibit B- | Defendants TMS, TGNA, and TEMA's Responses to Plaintiff's Second Interrogatories and Requests for Production |
| Exhibit C- | TMC's Response to Plaintiff's Second Interrogatories and Requests for Production |
| Exhibit D- | Deposition of Karen Balavich |
| Exhibit E- | Letter Regarding Discovery Extension |

---

[1] Both parties agreed to a 60-day extension of Toyota's time to respond to written discovery served on Toyota. Accordingly, Toyota's discovery responses were due 90 days after service. (Ex. E). Defendants TEMA, TMS, and TGNA served their Responses to Plaintiff's Second Interrogatories and Request for Production on January 16, 2013. In an effort to provide Toyota with adequate opportunity to respond before seeking Court action, Plaintiff filed this Motion to Compel only after Defendant TMC also failed to provide any substantive response in TMC's Responses to Plaintiff's Second Interrogatories and Requests for Production, which TMC served on March 18, 2013.

### IV. LAW AND ARGUMENT

**A.** ***Alacia Quinton as personal representative for April Quinton has a broad right to conduct discovery under Federal Rule of Civil Procedure Rule 26 which includes a right to discover financial information relevant to Toyota's experts' credibility and potential biases.***

The Federal Rules of Civil Procedure 26(b)(5)(A)(i) allows a party to obtain information regarding an opposing party's expert through interrogatories.  Specifically, this section states:

> (A)(i) A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion, **and to state other information about the expert as may be discoverable under these rules**.

*Fed. R. Civ. P.* 26(b)(5)(A)(1)(emphasis added).   In this case, Toyota objected to Plaintiff's discovery requests regarding Toyota's experts' income received from Toyota during the past ten years on the mistaken assumption that Rule 26 limits discovery to the name of the testifying witness, the subject matter of the testimony, the substance of facts and opinions, and the summary of grounds.  (Ex. B).  However, courts within the Fourth Circuit have consistently held that evidence obtained for the purpose of impeachment is discoverable within the federal rules.  *Beckner v. Bayer Cropscience, L.P.,* 2006 U.S. Dist. LEXIS 44197, *11 (S.D.W.Va. June 28, 2006); *Behler v. Hanlon,* 199 F.R.D. 553, 561 (D.Md. 2001); *see also, Bockwig v. Anderson,* 117 F.R.D. 563, 563 (M.D.N.C. 1987) (stating that "Rule 26(b)(1), *Fed. R. Civ. P.*, sets the tone for all discovery by providing that in general, any matter which is relevant to the subject matter and not privileged is discoverable.")  ". . . [I]nformation that could be used to impeach a likely witness,

although not otherwise relevant to claims or defenses, might be properly discoverable." *Behler,* 199 F.R.D. at 556, n. 3.

In this case, there is interplay between the broad scope of discovery allowed under Rule 26 and the law of evidence relating to the impeachment of witnesses. Under the Federal Rules of Evidence, Rule 607, "[a]ny party, including the party that called the witness, may attack the witness's credibility." This is so because "[t]he importance of credibility of witnesses to the trial of cases cannot be overstated, and **this is especially true with respect to expert witnesses**." *Behler,* 199 F.R.D. at 556 (emphasis added).. This information is typically sought during discovery so that a party can conduct a cross-examination of an expert concerning his biases and prejudices. *See also, Bockweg.* 117 F.R.D. at 566 ("[P]rohibiting cross-examination of an expert concerning his biases, fees, and related matters would normally be reversible error.") An expert witness may be impeached by showing that he or she is biased, has an interest in the outcome of the litigation, is prejudiced in some relevant way, or has motive to testify in a particular way. *Behler*, 199 F.R.D. at 556-57 (citing *United States v. Abel*, 469 U.S. 45, 49-52 (1984)) (permitting bias impeachment despite no rule of evidence specifically allowing it).

In this case, Plaintiff propounded a Second Set of Discovery to Toyota on December 14, 2012. (Ex. A). These requests specifically sought information about payments made by Toyota to their experts and their firms. (See Ex. A). In response, Toyota provided *no* substantive information, and objected on various grounds including vagueness and that Plaintiff's requests were not limited to the experts' work in the captioned matter and were not limited to cases involving the 2007-2011 U.S. bound Camry Sedan. TEMA, TMS, and TGNA served their responses on January 16, 2013.

(Ex. B).  None of these responses provided any substantive information about payments to Toyota's experts and their firms.  TMC served its responses on March 18, 2013.  (Ex. C).  Again, Plaintiff was not provided with the requested information regarding Toyota's payments to experts and their firms.  Plaintiff's counsel requested a discovery conference to discuss Toyota's wholly inadequate responses.  During that conference on March 26, 2013, Toyota indicated that it would not provide substantive responses unless Plaintiff narrowed the requests in time and scope (by limiting requests to each individual expert, not the company employing the expert).  The parties were unable to reach an agreement.

In *Behler,* the court pointed out that several relationships or circumstances permits a finding of bias or prejudice, including a financial interest in the outcome, a business relationship, and "payment by a party such as that made to an expert witness."  199 F.R.D. at 557. The court specifically stated the following:

> **[T]he fact that an expert witness may have a 20 year history of earning significant income testifying primarily as a witness for defendants**, and an ongoing economic relationship with certain insurance companies, certainly fits within recognized examples of bias/prejudice impeachment, **making facts relevant both to the subject of the matter of the litigation, and the claims and defenses raised, and placing it squarely within the scope of discovery authorized by Rule 26(b)(1)**. . . .

*Id*. (emphasis added).  Rule 26 also recognizes the relevance of such information, by pointing out that communications between a party's attorney and an expert witness are protected, *except* when those communications "relate to compensation for the expert's study or testimony."  *Fed. R. Civ. P*. 26(b)(4)(C).

If Toyota is allowed to refuse production of information requested by Plaintiff, Plaintiff will be unfairly denied the opportunity to discover the breadth and scope of Toyota's actual relationship with the defense expert firms.

Of particular concern in this case is Toyota's retention of experts employed by Exponent. In addition to the work performed by the experts, Exponent's Phoenix office performed testing in this case. (Ex. D, Balavich Dep. 25:24-26:13). The costs and fees associated with this testing were not billed through Toyota's retained experts. (Ex. D). Instead, Exponent billed Toyota *directly* for these costs. (Ex. D). Thus, the financial information and compensation to both the experts and each expert's firm is probative of the experts' credibility and bias in this case and must be disclosed.

This information is also important given the principle role that each expert holds in his or her firm (they are all high-ranking officers, owners, or upon information and belief at least have ownership or profit-sharing interests in the companies for which they work. Although limited billing records for Toyota's experts' work on this case have been produced at this time, Plaintiff's counsel is confident that Toyota has been billed and has paid fees directly to its experts' companies, *not* directly to the people who will take the stand on its behalf. Plaintiff seeks only evidence of overall payments made by the Toyota Defendants to its experts and their companies over a finite time period of ten years. The longer and more frequently that Toyota has been doing business with each expert's firm, the greater the likelihood is that the firm and its employees or principals will be susceptible to bias or influence by Toyota. Thus, it is reasonable for Plaintiffs to request a ten year history of the financial relationship between Toyota and each expert's firm.

In this case, there is no intellectually honest argument that can be made that the information Plaintiff has sought from Toyota is not relevant to bias/prejudice impeachment. The financial information Plaintiff seeks is at the heart of bias and credibility arguments, which are of special importance with respect to expert witnesses. *See Behler,* 199 F.R.D. at 556. Therefore, such information is within scope of discovery permitted by Rule 26(b).

## V.  CONCLUSION

Based on the foregoing, it is requested that Toyota be order to provide full and complete responses to Interrogatory No. 1 and Request for Production No. 1 in Plaintiff's Second Set of Discovery to Toyota. A proposed Order is attached.

DATED this 1st day of April, 2013.

Respectfully Submitted,

THE CLARDY LAW FIRM

  B. Allen Clardy, Jr.
B. Allen Clardy, Jr. (Federal ID No. 6515)
1001 E. Washington St.
Greenville, SC 29601
Telephone: (864) 233-8888
Facsimile: (864) 233-8889
E-mail: Allen@theclardylawfrrm.com

R. Graham Esdale, Jr., Esq.
Beasley Allen, Crow, Methvin, Portis &
Miles, PC Post Office Box 4160
Montgomery, AL 36103-4160
Telephone: (334) 269-2343
Facsimile: (334) 954-7555
E-mail: Graham.Esdale@beasleyallen.com

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing document was filed electronically with the Clerk of the Court for the U.S. District Court, District of South Carolina, using the electronic case filing system of the court. The electronic case filing system sent "Notice of Electronic Filing" to all attorneys of record listed below on this 1st day of April, 2013.

Joel H. Smith
Angela G. Strickland
Bowman & Brooke, LLP
1441 Main Street, Suite 1000
Columbia, SC 29201
(803) 726-0200

Bard D. Borkon
Bowman and Brooke, LLP
150 South Fifth Street, Suite 3000
Minneapolis, MN 55402
(612) 672-3241

**Attorneys for Defendant**
**Toyota Motor Corporation;**
**Toyota Motor Sales, U.S.A., Inc.;**
**Toyota Motor Engineering and**
**Manufacturing North America, Inc.;**
**Toyoda Gosei North America Corp.**

B. Allen Clardy, Jr.
B. Allen Clardy, Jr. (Federal ID No. 6515)