IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Alacia C. Quinton as PR for the Estate of April Lynn Quinton, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Toyota Motor Corporation, et al., )<br>)<br>Defendants. ) | C/A No. **1:10-2187-JMC** |

### MOTION TO STRIKE DEFENDANT TOYODA GOSEI NORTH AMERICA CORPORATION'S SECOND SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST INTERROGATORIES

COMES NOW the Plaintiff, and files this Motion to Strike Defendant Toyoda Gosei North America Corporation's ("TGNA") Second Supplemental Responses to Plaintiff's First Interrogatories. As grounds therefore, the Plaintiff would show unto the Court as follows:

1. Pursuant to this Court's Final Amended Scheduling Order, discovery was to be completed by January 18, 2013. On May 1, 2013, over three months after the close of discovery, TGNA supplemented its discovery responses identifying a subsidiary employee, Michael Schorle, as a person who is expected to testify about the manufacturing processes and quality assurance/quality control procedures that were in place for the manufacture and assembly of the 2009 Toyota Camry's curtain shield airbag, including the processes and procedures used at STB, TGT, and TGMO. Defendants also refer to Mr. Schorle's Rule 30(b)(6) deposition testimony dated September 20, 2012. (Ex. A)

2. Under *Federal Rule of Civil Procedure* 37(c)(1), "[i]f a party fails to provide information

or identify a witness as required by [the Federal Rules], the party is not allowed to use that information or witness to supply evidence…at a trial, unless the failure was substantially justified or is harmless." "[T]he basic purpose of Rule 37(c)(1) [is] preventing surprise and prejudice to the opposing party." *Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 596 (4th Cir. 2003). Thus, the district court has broad discretion to determine whether a nondisclosure of evidence is substantially justified or harmless. *Id.* At 597.

[I]n exercising its broad discretion to determine whether a nondisclosure of evidence is substantially justified or harmless for purposes of a Rule 37 (c)(1) exclusion analysis, a district court should be guided by the following factors: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *Id.* (Holding that the first four factors "relate mainly to the harmlessness exception, while the remaining factor…relates primarily to the substantial justification exception."). *Bryant v. Trexler Trucking, Inc.*, 2013 U.S. Dist. LEXIS 23549, n.3 (D.S.C. Feb. 21, 2013).

3. In response to Plaintiff's Notice of Taking a 30(b)(5) and (6) Deposition, TGNA agreed to produce Mr. Schorle as a witness who "will testify about TGNA's knowledge of the **inspections** and **evaluations** conducted on the driver's curtain shield airbag with the 2009 U.S. bound Camry (Sedan), including any **protocols, procedures,** and results of the evaluations." (*see* Response to Request No. 16, p. 49-50 attached as Ex. B)

4. TGNA also agreed to produce Mr. Schorle to testify about TGNA's "knowledge relating to the design, development, **manufacture, assembly,** and **testing** of the driver's curtain shield airbag in the 2009 U.S. bound Camry (Sedan)." (*see* Response to Request No. 15, p. 46 attached as Ex. B)

5.  In response to questioning by counsel for TGNA, Mr. Schorle responded as follows:

> Q. Now, Graham asked you some questions about QA/QC controls or QA/QC checks on the actual bag itself. Would -- would there be QA/QC checking of the integrity of the bag by SBT or TBS, the initial bag manufacturer?
>
> A. **I really don't know the answer to that.**
>
> Q. And then once TG Thailand gets the bag, is there a QA/QC process in place there to check to see that you're getting what you think you're buying?
>
> A. **Again, I don't know directly if there is.** I would expect that there is.
>
> Q. And then when TG Thailand then sends the bag to --where does it go from TG Thailand, it would go from there to TG Missouri?
>
> A. TG Missouri, correct.
>
> Q. Do they have a QA/QC process in place to check to see that the bag is what you -- what you intend to buy and install?
>
> A. Yes, they do.
>
> Q. And what would that be?
>
> A. Again, based on the documents that we were looking at earlier, and **I'm not familiar with exactly what it is that they do,** but there would be – in my familiarity with the process, there's receiving inspection. As the product comes in, it is audited, if

3

you will. For example, parts may be moved, disassembled, measured, checked for whatever items are on that list to be check for. (Schorle Dep. 86-88 attached as Ex. C)

6. It appears, Mr. Schorle is now intending to come to Court and testify about the manufacturing processes and quality assurance/quality control procedures about which he had no knowledge during his deposition as a corporate representative.

7. It would be highly prejudicial to allow a corporate representative to testify at trial about matters inconsistent with testimony given as a corporate representative and which were relied upon by Plaintiff's counsel and Plaintiff's experts in preparing the case for trial.

8. In the context of Rule 56, this type of testimony is required to be stricken. [If an affidavit conflicts with earlier sworn testimony, it must "be disregarded as a sham issue of fact." *Rohrbough v. Wyeth Laboratories, Inc.*, 916 F.2d 970, 975 (4th Cir. 1990). "A genuine issue of material fact is not created where the only issue of fact is to determine which of the two conflicting versions of the plaintiff's testimony is correct." *Barwick v. Celotex Corp.*, 736 F.2d 946, 960 (4th Cir.1984).] This same reasoning is applicable to the circumstances in this case. As such, any contradictory testimony intended to be offered at trial should be precluded.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff respectfully requests this Court to enter an order striking Defendant Toyoda Gosei North America Corporation's Second Supplemental Responses to Plaintiff's First Interrogatories and prohibiting Mr. Schorle from testifying inconsistently from the information he provided as a corporate representative.

Respectfully Submitted,

HOPKINS LAW FIRM, LLC

 s/William E. Hopkins, Jr.
William E. Hopkins, Jr. (Fed. I.D. #6075)
12019 Ocean Highway
Pawleys Island, South Carolina 29585
Telephone: (843) 314-4202
Facsimile: (843) 314-9365
Email: bill@hopkinsfirm.com

B. Allen Clardy, Jr. (Federal ID No. 6515)
1001 E. Washington St.
Greenville, SC 29601
Telephone: (864) 233-8888
Facsimile: (864) 233-8889
Email: Allen@theclardylawfrrm.com

J. Cole Portis
R. Graham Esdale, Jr.
Beasley Allen, Crow, Methvin, Portis &
Miles, PC Post Office Box 4160
Montgomery, AL 36103-4160
Telephone: (334) 269-2343
Facsimile: (334) 954-7555
Email: Cole.Portis@beasleyallen.com
Graham.Esdale@beasleyallen.com

Attorneys for Plaintiff

5

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing document was filed electronically with the Clerk of the Court for the U.S. District Court, District of South Carolina, using the electronic case filing system of the court. The electronic case filing system sent "Notice of Electronic Filing" to all attorneys of record listed below on this __11th__ day of __MAY__, 2013.

Joel H. Smith
Angela G. Strickland
Richard H. Willis
Bowman & Brooke, LLP
1441 Main Street, Suite 1000
Columbia, SC 29201
(803) 726-0200

Bard D. Borkon
Bowman and Brooke, LLP
150 South Fifth Street, Suite 3000
Minneapolis, MN 55402
(612) 672-3241

**Attorneys for Defendant
Toyota Motor Corporation;
Toyota Motor Sales, U.S.A., Inc.;
Toyota Motor Engineering and
Manufacturing North America, Inc.;
Toyoda Gosei North America Corp.**

                                            s/William E. Hopkins, Jr.
                                            William E. Hopkins, Jr.