UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Alacia C. Quinton as PR for the Estate of April Lynn Quinton,<br><br>Plaintiff,<br><br>v.<br><br>Toyota Motor Corporation; Toyota Motor Sales U.S.A., Inc.; Toyota Motor Engineering and Manufacturing North America, Inc.; Toyoda Gosei North America Corporation,<br><br>Defendants. | Civil Action No.: 1:10-cv-02187-JMC<br><br>**DEFENDANTS' MOTION *IN LIMINE*, NO. 6, TO PRECLUDE ALL REFERENCES TO NULLIFIED ORDER IN *DAVIS V. THE CITY OF AUBURN* RE: DEFENDANTS' EXPERT ROBERT GRATZINGER** |

Defendants, Toyota Motor Corporation, Toyota Motor Sales, U.S.A., Inc., Toyota Motor Engineering and Manufacturing North America, Inc. and Toyoda Gosei North America Corporation ("Defendants"), by and through their undersigned attorneys, move this Court in limine for an Order precluding all references to the vacated, rescinded and nullified court order of October 3, 2002, from Davis v. The City of Auburn, *et al*., Placer County Superior Court Case No. SCV9736.

This motion is made on the grounds that the October 3, 2002 order was vacated and nullified on October 10, 2002 and its void nature has been re-affirmed by the court in subsequent rulings. Thus, the October 3, 2002 Order does not exist as a matter of law and is irrelevant to establishing any fact of consequence in this case. Fed. R. Evid. 401–403.

Moreover, any effort to refer to the nullified order or any of its contents, including

1

but not limited to during the cross-examination of the Defendants' expert Robert Gratzinger, should be precluded, because: (1) it is not a proper subject for cross-examination; (2) specific instances of conduct are not admissible under Rule 608 of the Federal Rules of Evidence and, (3) the probative value is substantially outweighed by the danger of undue prejudice, undue consumption of time, and the likelihood that such evidence will mislead the jury, contrary to Rule 403 of the Federal Rules of Evidence.

I.  **INTRODUCTION**

The Defendants retained Robert Gratzinger as an expert to perform a design analysis of the subject 2009 Toyota Carmy's roof structure. It is anticipated that Plaintiff will attempt to discredit Mr. Gratzinger by attacking his character. The Defendants hereby move *in limine* to prevent such an attack.

II. **NATURE OF EVIDENCE TO BE EXCLUDED**

In an effort to discredit Mr. Gratzinger and impugn the integrity of the Defendants and their counsel, Plaintiff may attempt to introduce evidence related to a vacated and nullified court order dated October 3, 2002 in a case where Mr. Gratzinger was a retained expert witness for American Honda Motor Co., Inc. That case, Sarah Davis v. The City of Auburn, *et al*., Superior Court for the State of California, County of Placer, Case No. SCV9736, is no longer pending. However, during the course of trial in that case, the plaintiff accused Mr. Gratzinger of improperly handling evidence allegedly related to seat belt usage. While Mr. Gratzinger's alleged conduct was never proven, plaintiff successfully moved for evidentiary and monetary sanctions against American Honda Motor Co., Inc. The sanctions and related orders were incorporated into an order dated October 3, 2002.

Following the resolution of the Davis case, the Placer County Superior Court vacated, nullified and sealed its October 3, 2002 Order. (See, Order Vacating and Nullifying Order Filed October 3, 2002, dated October 10, 2002; attached hereto as **Exhibit "A"**). However, on or about October 26, 2005, the Center for Auto Safety and certain plaintiff attorneys successfully moved to unseal and strike selected portions of the October 10, 2002 Order. (See, Order Unsealing Record and Striking Portions of Sealing Order, dated October 26, 2005; attached hereto as **Exhibit "B"**). Importantly, while the October 26, 2005 Order unsealed and struck selected portions of the October 10, 2002 Order, it did not strike the entire Order of October 11, 2002. Most importantly, it remains a part of the Order that the initial October 3, 2002 Order "cannot be cited…relied upon or referred to for any purpose…" (emphasis added)(See, **Exhibit "A"**).

Further, due to a grammatical error, the Placer County Superior Court amended its October 26, 2005 Order to correct this. (See Amended Order Unsealing Record and Striking Portions of Sealing Order, dated November 30, 2005; attached hereto as **Exhibit "C"**). Importantly, not only did the Amended Order re-confirm that the October 3, 2002 Order was rescinded, null and void and of no legal effect, but it expressly provided that paragraph "G" which clearly prohibits the use of the October 3, 2002 order for any purpose, by any person, in an action or legal proceeding within or outside the state of California, would remain in full force and effect.

Thus, while the October 3, 2002 Order has been unsealed and selected provisions stricken, the Order may not, by its express terms, be used for any purpose, including cross-examining Mr. Gratzinger. Therefore, it necessarily follows that Plaintiff and her counsel or experts are prohibited from even mentioning the October 3, 2002 Order or its

3

surrounding circumstances as this would potentially violate this Order and cause irreparable injury to the Defendants. For these reasons, the Defendants request an Order precluding the use of such evidence during the trial of this matter.

## III. ARGUMENT

### A. The Order of October 3, 2002 was Vacated and Has the Legal Effect of Never Having Existed

The effect of vacating an order is to eliminate the prior order. As the Fourth Circuit has stated, "[t]he vacating of an order deprives the order of any effect." Bryan v. BellSouth Commc'ns, Inc., 492 F.3d 231, 240 (4th Cir. 2007). Thus, anything that existed in the Order of October 3, 2002, has been nullified and it is as if it never existed. By definition nothing in the nullified October 3, 2002 Order or any of the matters discussed in that Order can be classified as relevant evidence. See Fed. R. Evid. 401.

### B. The October 10, 2002 Order As Modified, Expressly Prohibits Any Reference in Any Legal Proceeding to the Vacated Order of October 3, 2002

The October 10, 2002 Order Vacating and Nullifying the Order Filed October 3, 2002 states: "The vacated order cannot be cited as a decision or this Court or relied upon or referred to for any purpose by any person or entity in any action or legal proceeding within or outside the State of California." (See, Exhibit "A" at ¶G). As noted above, the Placer County Superior Court's Amended Order Unsealing Record and Striking Portions of Sealing Order, dated November 30, 2005 did not change this. Consequently, it is very clear that no one may refer to the October 3, 2002 Order and no one must be allowed to refer to the circumstances surrounding the vacated Order.

### C. References to the Nullified Order Are Not a Proper Subject for Cross-Examination of Mr. Gratzinger

To bring in evidence of a nullified order issued in an unrelated case would create the necessity of holding a mini-trial on the issue, create an undue consumption of time, mislead the jury and confuse the issues. Further, the danger is particularly great where, as here, the Toyota defendants were not even a party to the Davis v. City of Auburn matter, but has nevertheless chosen to retain an expert that was involved in that case. Stated differently, allowing any opposing party to offer evidence of the nullified order will create an unfair scenario that would cause substantial and unmitigated prejudice to The Toyota defendants as well as mislead the jury.

Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. Rule Evid. 401. "Irrelevant evidence is admissible." Fed. Rule Evid. 402. Moreover, under Rule 403, the court may exclude relevant evidence "if its probative value is substantially outweighed by the probability that its admission will (a) necessitate undue consumption of time or (b) create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury." Fed. Rule Evid. 403. This rule takes into consideration both the needs of the proponent of such evidence as well as the potential unfairness posed to a defendant by its admission.

### D. Specific Instances of Conduct are Inadmissible Under Rule 608(b) of the Federal Rules of Evidence

As there have been no allegations of misconduct in this case, evidence of a vacated order from an unrelated case would only be offered by its proponent to attack the credibility of Mr. Gratzinger. This is precisely what is prohibited by Rule 608(b) of the Federal Rules of Evidence, which states that evidence of specific instances of a witness' conduct, relevant only as tending to prove a trait of his character, is inadmissible to attack

or support the credibility of a witness. Disputed evidence relating to Mr. Gratzinger's alleged conduct in the Davis v. Honda matter is inadmissible to attack his credibility.

### E. References to a Nullified Order From an Unrelated Case Would be Unduly Prejudicial, Confuse the Issues and Mislead the Jury and Should be Excluded

To bring in evidence of a nullified order issued in an unrelated case would create the necessity of holding a mini-trial on the issue, create an undue consumption of time, mislead the jury and confuse the issues. Further, the danger is particularly great where, as here, the Defendants were not even a party to the Davis v. City of Auburn matter, but has nevertheless chosen to retain an expert that was involved in that case. Stated differently, allowing any opposing party to offer evidence of the nullified order will create an unfair scenario that would cause substantial and unmitigated prejudice to the Defendants as well as mislead the jury.

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401. "Irrelevant evidence is not admissible." Fed. R. Evid. 402. Moreover, under the Rule 403, the Court in its discretion "may exclude evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. This rule takes into consideration both the needs of the proponent of such evidence as well as the potential unfairness posed to a defendant by its admission.

Balancing the prejudicial effect of evidence against its probative value rests within the sound discretion of the trial court. See U.S. v. Udeozor, 515 F.3d 260, 264–

65 (4th Cir. 2008). Trial courts have broad discretion to exclude evidence on the grounds of relevancy. Id. ("District courts enjoy wide discretion to determine what evidence is admissible under the Rule."). Evidence may be excluded under Rule 403, when its probative value is substantially outweighed by the amount of time it would take to establish the evidence. U.S. v. Basham, 561 F.3d 302, 326–27 (4th Cir. 2009) (quoting U.S. v. Mohr, 318 F.3d 613, 619–20 (4th Cir. 2003)).

The Defendants request that this Court treat all references to the nullified Order of October 3, 2002, as irrelevant and unduly prejudicial evidence. Alternatively, the Defendants request that this Court treat all such references as evidence for which the probative value of which is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence. This is particularly true given that Mr. Gratzinger is under court order not to even discuss it.

## IV. **CONCLUSION**

For the foregoing reasons, the Defendants respectfully request that this Court exclude all evidence of or reference to the October 3, 2002 Order and any order related to it from Davis v. City of Auburn, *et al*.

Respectfully submitted,

BOWMAN AND BROOKE LLP

By: s/Angela G. Strickland
Richard H. Willis
Federal Bar No. 4700
E-mail address:
richard.willis@bowmanandbrooke.com
Angela G. Strickland
Federal Bar No. 9824
E-mail address:
angela.strickland@bowmanandbrooke.com
1441 Main Street, Suite 1200
Columbia, SC 29201
Tel: 803.726.7420
Fax: 803.726.7421

*and*

Bard D. Borkon
(*Pro Hac Vice*)
E-mail address:
bard.borkon@bowmanandbrooke.com
Bowman and Brooke LLP
150 South Fifth Street, Suite 3000
Minneapolis, MN 55402
Tel: 612-672-3241
Fax: 612-672-3200

Counsel for Defendants,
*Toyota Motor Corporation, Toyota Motor Sales, U.S.A., Inc., Toyota Motor and Manufacturing North America, Inc., and Toyoda Gosei North America Corporation*

Date: May 15, 2013