**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**AIKEN DIVISION**

| | | |
|---|---|---|
| **Alacia C. Quinton as PR for the Estate of April Lynn Quinton,** | ) ) ) | C/A No. <u>1:10-2187-JMC</u> |
| **Plaintiff,** | ) ) | **PLAINTIFF'S OPPOSITIONS TO** |
| **v.** | ) ) ) | **DEFENDANTS' MOTIONS IN LIMINE, NO. 1 - 9.** |
| **Toyota Motor Corporation, et al.,** | ) ) | |
| **Defendants.** | ) | |

Plaintiff's Oppositions to Defendants' Motions in Limine, No. 1 - 9 has been consolidated in the interest of judicial economy; however Plaintiff will respond to each individually for convenience of this Court.

## GENERAL OBJECTIONS

Plaintiff generally objects to the breadth and scope of the Defendants' Motions in Limine. The Defendants make broad, sweeping, general objections to the use of evidence and testimony at trial. Because of the uncertainty of how trial will proceed, it is impossible for the parties or the Court to make evidentiary determinations without the benefit of knowing the context, relevancy, and materiality of the vast number of evidentiary issues raised by the Defendants' Motions. This Court should deny motions asking it to rule on the admissibility of evidence before it knows what the issues and circumstances are. For these

reasons, this Court should deny these motions or defer ruling on these matters until the issues arise at trial. Plaintiff responds to the specific motions as follows:

## 1. EXCLUDING LAY OPINIONS REGARDING TECHNICAL SUBJECTS

Plaintiff opposes this motion as stated. Defendants ask this Court to exclude Plaintiff's witnesses from referring to, introducing, or rendering any non-expert opinion theories or opinions related to the reconstruction of the October 14, 2009 crash, any alleged defect in the design or manufacture of the subject 2009 Toyota Camry or its components, or any medical causation opinions.

*Federal Rule of Evidence* 701 addresses the opinion testimony of lay witnesses.

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
>
> a. Rationally based on the witness's perception
>
> b. Helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
>
> c. Not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Plaintiff will offer lay testimony that meets the qualifications of this rule; however this rule should apply equally to Defendants' ability to offer opinion testimony of lay witnesses. Plaintiff will lay the proper foundation and predicate before introducing such evidence.

For the reasons stated, the motion must be denied.

## 2. EXCLUDING EVIDENCE REGARDING UNRELATED INCIDENTS

Plaintiff opposes this excessively broad motion. Defendants seek to exclude all evidence concerning defects, recalls, judgments, or settlements relative to Toyota vehicles. Defendant further seeks to prohibit any comments or references by Plaintiff's counsel, Plaintiff's experts, or witnesses about any alleged deficiencies, NHTSA investigations, recalls, and the like, other than those previously alleged discovered, litigated, and allowed by this Court to proceed. Finally, Defendants seek to exclude references to evidence of Defendants' own business practices before or after any investigations.

While Plaintiff does not intend to at this time to introduce such evidence, Defendants' Motion ignores the likelihood of such evidence becoming highly relevant if Defendants attempt to suggest other speculative causes or explanations of Plaintiff's accident. For example, Plaintiff anticipates that Defendants may attempt to argue that Plaintiff was speeding at the time of her accident. Should this argument be presented and the issue of whether Plaintiff was speeding come into dispute, evidence that the 2009 Toyota Camry was involved in recalls related specifically to unintended acceleration is relevant in that it has a tendency to show it is less probable that Plaintiff was intentionally speeding at the time of her accident. *See Fed. R. Evid.* 401. This evidence would clearly have probative value if this type of argument is presented, which substantially outweighs any danger of unfair prejudice to the Defendants. *See Fed. R. Evid.* 403. Plaintiff is entitled to offer this evidence for other purposes such as rebutting Defendants'

accident causation arguments. Defendants' accident reconstruction expert, Dr. Germane, blames Ms. Quinton for causing this accident by driving too fast. However, Dr. Germane also testified that he never considered any other causes and apparently wasn't aware this very vehicle had been recalled for sudden acceleration issues. (Germane Dep. 169:23-171:6)(Attached as Exhibit "A"). Further, evidence may be offered for more than one purpose.

Finally, Defendants present the argument that such evidence is "inadmissible character evidence" pursuant to *Federal Rule of Evidence* 404. At this time, it is premature to make crucial evidentiary rulings without knowing the purpose for which such evidence is offered. This evidence could be offered for several purposes other than to show Defendants acted in conformity with any particular conduct. *See Fed. R. Evid.* 404. For example, to the extent that Defendants seek to argue the incident was merely an accident resulting from excessive speed, such character evidence would be admissible to show a lack of accident. *See Fed. R. Evid.* 404. Thus, while this evidence may not be indicative of the alleged defect at issue in this case, such evidence should be permissible to rebut these types of speculative arguments that may be presented by Defendants in this case. Plaintiff will lay the proper foundation and predicate before introducing such evidence. At this time, it is premature for the Court to make crucial evidentiary determinations without knowing the context, materiality, and relevancy of such evidence.

For the reasons stated, the motion must be denied.

### 3. EXCLUDING POST-MANUFACTURE AND/OR POST-DISTRIBUTION EVIDENCE

Plaintiff opposes this excessively broad motion. Defendants ask the Court to exclude all evidence of "design changes, conduct, incidents, tests and events" that occurred subsequent to the manufacture of the 2009 Toyota Camry that is the subject of this action. As this motion is worded, Defendants seek to preclude all post-distribution and/or post-manufacture evidence which would include evidence of recalls.[1] While such evidence would not be admissible if offered solely to prove a defect in the product's design, there are exceptions to this general rule:

> [T]he court may admit this evidence for another purpose, such as impeachment or- if disputed- proving ownership, control, or the feasibility of precautionary measures.

*Fed. R. Evid.* 407 (emphasis added).

Proving a feasible alternative design, of course, is one part of the plaintiff's proof in proving a design defect under South Carolina law. *Bragg v. Hi-Ranger Inc.*, 462 S.E.2d 321 (Ct. App. 1995). The Fourth Circuit has expressly recognized that, in product liability cases, Rule 407 does "permit evidence of subsequent remedial measures to be used to prove the feasibility of such measures, but only if feasibility is controverted by the defendant." *Werner v. UpJohn*, 628 F.2d 848, 853 (4th Cir. 1980). Thus, if Toyota's expert witnesses testify that the

---

[1] Plaintiff addressed the relevancy of evidence such as recalls previously in response to Defendants' Motion to Exclude Evidence Regarding Unrelated Incidents, found on pages three (3) and four (4) of this Motion.

design of the 2009 Toyota Camry was reasonably safe, Rule 407 would permit introduction of the evidence to impeach their testimony.

In arguing against the relevancy of this evidence, Defendants point out that a product design must be evaluated against the standards existing at the time of the design and manufacture of the product. But this argument gets Defendants nowhere because, as previously noted, the design features incorporated on the 2009 Camry were feasible prior to the design and manufacture of the 2009 Camry. In the given litigation, the material issue is whether the 2009 Toyota Camry is a defective product and whether Defendants are liable under the theory of products liability. Thus, any evidence which tends to prove or disprove that defectiveness and Defendants' liability should be admitted. Here, it is also relevant to Plaintiff's case, in proving the defect and Defendants' liability, to demonstrate that there were feasible alternatives to Toyota's choices regarding the defects at issue and that Toyota knew or should have known of these alternatives.

Defendants rely heavily on *Branham v. Ford Motor Co.,* 701 S.E.2d 5 (S.C. 2010) for their argument that post-distribution evidence is not admissible. However, the *Branham* court specifically pointed out that it did not intend the holding of *Branham* to be read as "barring any evidence created after the date of manufacture." *Id.* at 18 n. 17. The court explained that ". . . post-distribution evidence is evidence of facts neither known *nor available* at the time of distribution." *Id.* (emphasis in original). In South Carolina, "[i]f information on a product is reasonably attainable, then a manufacturer is charged with such

knowledge at the time of manufacture." *Id.* Thus, the general rule that would prohibit post-distribution evidence ". . . does not permit a manufacturer to turn a blind eye to reasonably available information regarding the safety or danger of its product." *Id.* Plaintiff is entitled to offer this evidence for other purposes such as establishing the feasibility of alternative designs and/or the rebutting of Defendants' injury causation arguments. Plaintiff may also show that such designs were feasible at the time of manufacture such knowledge was reasonably attainable to Defendants at the time of manufacture. Further, evidence may be offered for other admissible purposes during the course of the trial.

In this instance, Plaintiff's claims will require the jury to make a determination of the Defendants' wrongdoing. Therefore, such evidence could be specifically offered to show that Defendants knew the condition of the 2009 Toyota Camry was dangerous and with conscious disregard failed to initiate changes in a timely manner. This evidence is relevant, admissible, and certainly probative of knowledge, defect, feasibility, negligent design and manufacture, and punitive damages. Thus, such evidence is admissible.

Defendants also claim that the Court should exclude the evidence under Rule 403 because the "post-distribution evidence would have no relevance, to Plaintiff's claims in this case, and would only serve to prejudice and mislead the jury." Defendants ignore that evidence of a feasible alternative design is a required part of the Plaintiff's proof. Under this argument, Defendants seek to exclude on grounds of unfair prejudice the very evidence the law requires the

Plaintiff to adduce to prove his claims. Consequently, the probative value of this evidence is as high as it gets and Defendants will not be unduly prejudiced. Nor will there be any misleading of the jury. Moreover, it should be noted that Defendants have utterly failed to identify how the admission of this evidence would cause undue prejudice. This is obviously insufficient to require exclusion of the evidence on prejudice grounds. The motion accordingly must be denied to the extent it seeks to exclude post-manufacture and/or post-distribution evidence pertaining to the 2009 Toyota Camry.

For the reasons stated, the motion must be denied.

## 4. EXCLUDING EVIDENCE REGARDING "OTHER INCIDENTS"

Plaintiff opposes this motion because of its overly broad nature. Defendant asks this Court to exclude all testimony and/or evidence of other incidents that are not "substantially similar" to the events Plaintiff alleges to have occurred in this case. At this time, Plaintiff does not intend to offer evidence of other similar incidents. However, if such evidence becomes relevant during the course of the trial, Plaintiff will lay a proper predicate and factual foundation for such evidence.

South Carolina courts have ". . . recognized that similar incidents are admissible if they tend to prove or disprove some fact in dispute." *Branham v. Ford Motor. Co.,* 701 S.E.2d 5, 19 (S.C. 2010) (quoting *Whaley v. CSX Transp., Inc.,* 609 S.E.2d 286, 300 (S.C. 2005)). "A plaintiff must present a factual foundation for the court to determine that the other accidents were substantially similar to the accident at issue." *Id.* Evidence of other accidents involving the

same product is routinely admitted in product liability actions to prove a defect, causation, or notice. Regardless of the purpose for which the evidence is offered, the other accidents must be substantially similar to the accident in question. *Jimenez v. DaimlerChrysler Corp.,* 269 F.3d 439 (4th Cir. 2001); *see also, Bitler v. A.O. Smith Corp.,* 400 F.3d 1227 (10th Cir. 2005) ("We have routinely held that federal law permits introduction of substantially similar accidents to show notice, the potential existence of a defect, or to refute defense witness testimony. . . . [W]e will admit evidence of prior accidents in a product liability suit if it is relevant to the present inquiry. To determine relevancy, we must examine whether there is substantial similarity between the evidence offered of prior accidents and the facts at issue in the present case.")

Before Plaintiffs can respond to this Motion by presenting a factual foundation regarding a substantially similar incident, Defendants must identify the incidents Defendants seek to exclude. Defendants' motion is premature in that Defendants have not alleged what specific incidents Defendants seek to exclude from this case. Further, absent proof of substantially similar circumstances, Defendants cannot argue that a "lack of accidents" necessarily means that the 2009 Toyota Camry was safe at the time of the accident. Defendants should be prohibited from offering any evidence of other accidents, or lack thereof, absent a showing of substantial similarity.

For the reasons stated, Defendants' motion must be denied.

## 5. ALLOWING A JURY VIEW OF THE SUBJECT 2009 TOYOTA CAMRY

Plaintiff opposes this motion. Defendants seek to allow the jury to physically view the 2009 Toyota Camry involved in this case outside the courtroom. However, the condition of the 2009 Toyota Camry today is not a fair and accurate representation of the vehicle immediately or even soon after Plaintiff's accident. A physical viewing of the vehicle by the jury would serve no relevant purpose in this case and should not be permitted. *See Fed. R. Evid.* 401, 402, and 403. A physical jury viewing would be unfairly prejudicial, cumulative, a waste of this Court's time, misleading to the jury, and would confuse the issues presented in this case.

The necessity that such evidence depicts a fair and accurate representation of the "scene" is emphasized in *Clark v. Cantrell,* 504 S.E.2d 605 (S.C. 1998). In *Clark,* the court admitted photographs and a videotape of the accident scene over the plaintiff's objections that South Carolina statutes preclude the use of evidence showing that a driver or occupant of the vehicle failed to wear a safety belt. *Id.* at 614. The court found no error only after agreeing with the trial court's assessment that the "[t]he photographs <u>fairly and accurately reflect the whole scene</u>." *Id.* at 615 (emphasis added). In this case, it cannot be argued that the subject vehicle's condition today is a fair and accurate representation of the vehicle's condition immediately or even soon after the wreck. The subject vehicle has instead been substantially altered from its original condition because several component parts

have been removed, including the air bag at issue, the driver's seat, the driver's restraint system, the headliner, and the trim pieces of the vehicle. The vehicle has also developed a substantial amount of rust over the past three years. The windshield has deteriorated and dropped out of its perimeter. Further, at some point in time animals found their way into the vehicle, which would help explain amount of fur in the vehicle and the vehicle's visible deterioration since the accident occurred on October 14, 2009.

Defendants' argument begins by citing two South Carolina cases proclaimed to support Defendants' position that a jury view would better enable the jury to understand the evidence. However, both cases explain that a jury view "is not regarded as the taking of evidence." *Johnson v. South Carolina State Highway Dept.*, 114 S.E.2d 591, 593 (S.C. 1960); *Jacks v. Townsend*, 88 S.E.2d 776, 778 (S.C. 1955). These cases are not instructive to this Court's determination in this matter. In *Johnson*, the court considered whether the trial court had abused its discretion in allowing the jury view. 114 S.E.2d at 593. However, the court pointed out that there was no real objection by the appellant at trial to the appellee's request for a jury view. *Id.* In *Jacks,* the plaintiff appealed arguing that the trial judge erred in failing to take into consideration the scene of the accident. 88 S.E.2d at 778. However, the *Jacks* court no found abuse of discretion on the part of the trial judge for not viewing the scene of the accident. *Id.*

In this case, a jury view of the vehicle in its current condition would simply not be relevant to any material issue in dispute in this case because of the vehicle's

visible deterioration and decline in condition since the date of the accident. It would not provide the jury with a fair or accurate representation of the condition of the subject vehicle, and would only serve to prejudice the Plaintiff by misleading, confusing, and distracting the jury from the real issues in this case. Once a physical view is allowed, the prejudicial impact and the overbearing images in the mind of the juror cannot be cured or simply explained away as the Defendants suggests.

For the reasons stated, Defendants' motion must be denied.

## 6. PRECLUDING ALL REFERENCES TO A NULLIFIED ORDER IN *DAVIS V. THE CITY OF AUBURN* RE: DEFENDANTS' EXPERT ROBERT GRATZINGER

Plaintiff opposes this motion due to its overly broad nature. Defendants seek to exclude any effort to refer to a court order, or any of its contents, entered on October 3, 2002 from *Davis v. The City of Auburn,* in the Superior Court of the State of California, Case No. SCV9736. Plaintiff does not intend to present extrinsic evidence of the court's order in *Davis* unless Defendants "open the door" to such evidence. However, Defendants do not only attempt to exclude the order, but also seek to exclude reference to any of the orders contents which is excessively broad in scope. Defendants' expert, Robert Gratzinger, appeared as an investigator in *Davis* on behalf of American Honda Motor Company, Incorporated. During the course of the trial, the court concluded that Mr. Gratzinger deliberately and intentionally acted to obliterate or alter evidence during the course of a vehicle inspection.

"Any party . . . may attack the witness's credibility." *Fed. R. Evid.* 607.

The rule governing admission of evidence regarding a witnesses' credibility is

*Federal Rule of Evidence* 608(b) which states:

> [E]xtrensic evidence is not admissible to prove specific
> instances of conduct in order to attack or support the
> witness's character for truthfulness. But the court
> may, on cross examination, allow them to be inquired
> into if they are probative of the character for
> truthfulness or untruthfulness of . . . the witness.

(emphasis added). While this rule does prohibit admission of extrinsic evidence to

prove specific instances of conduct, questioning on cross-examination regarding

Mr. Gratzinger's conduct, which is the subject of the *Davis* order, is another

matter not prohibited by the rule. The *Davis* order discusses Mr. Gratzinger's

alleged destruction of evidence and intentional concealment of the tools used to

accomplish that task. Under the *Federal Rules of Evidence,* Plaintiff is permitted

to inquire into the matters contained within the Davis order on cross-examination

regarding his conduct because it is probative of his truthfulness or untruthfulness.

In fact, "[e]ffective cross-examination demands that some allowance be made for

going into matters of this kind . . . ." *Fed. R. Evid.* 608, Advisory Committee

Notes. Although Defendants go into great detail to explain that the *Davis* order

was vacated, nullified, and sealed, this fact does not have any bearing on

Plaintiff's line of questioning pertaining to the matters contained within the *Davis*

order for the purposes of attacking Mr. Gratzinger's credibility. Plaintiff does not

intend to refer to the *Davis* order itself, which is the basis for each of Defendants'

arguments in its Motion in Limine on this issue. Thus, Defendants' arguments which are all based on the fact that the *Davis* order was nullified are meritless. The matters contained within the *Davis* order are relevant and bear on the credibility of Mr. Gratzinger, which should be properly weighed by the jury. The jury will not be misled by cross-examination that is clearly probative of Mr. Gratzinger's truthfulness or untruthfulness. Defendants have not met their burden of showing how the probative value of these matters is substantially outweighed by unfair prejudice. If anything the probative value of inquiring into a witness's credibility substantially outweighs any unfair prejudice to Defendants.

For the reasons stated, Defendants' motion must be denied.

## 7. EXCLUDING REFERENCES TO DEFENDANTS' JAPANESE AFFILIATIONS

Plaintiff opposes this motion due to its overly broad nature. Defendants ask this Court to preclude comments or references to Defendants as being "Japanese" or even being associated with Japanese or Thai entities. Specifically, Defendants request this Court to preclude comments or references to Defendants as a "Japanese company," "Thai company," "foreign company," and/or "foreigners." Defendants further request this Court to enter an excessively broad and vague order prohibiting "any inordinate or undue references to Defendants being Japanese or being associated with Japanese or Thai entities." (Defs.' Mot. in Limine Entry No. 140, 3).

In order for the jury to understand the manufacturing and design processes of Defendants, which includes the manufacture of some component parts like the air bag at issue in Thailand, Plaintiff must be allowed to mention these words that Defendants seek to exclude. Plaintiffs do not intend to use the words in a manner that would serve to inflame jurors, suggest bias toward Defendants, or unfairly prejudice Defendants. However, it is obvious that some of these words, although they may suggest Defendants are "associated with Japanese or Thai entities," will be relevant in understanding the manufacture and design processes of Defendants and have a substantial bearing on Plaintiff's ability to present her product liability claim in a logical manner.

Further, Defendants have not begun to show how such references will cause unfair prejudice, confuse the issues, mislead the jury, cause undue delay, waste time, or be cumulative. Thus, Defendants' vague and excessively broad motion to exclude all references to such terms must be denied.

## 8. EXCLUDING UNDISCLOSED EVIDENCE AND UNSUPPORTED DEFECT THEORIES

Plaintiff opposes this motion as phrased. Plaintiff intends to abide by the Court's pre-trial order as to the claims and issues involved in this case. Plaintiff has designated the opinions and areas in which his experts are expected to testify pursuant to *Federal Rule of Civil Procedure* 26. However, the Defendants' Motion does not take into account the possibility of experts receiving information on the stand based on evidence presented at that time. "Facts or data upon which

expert opinions are based may, under the rule, be derived from three possible sources," including observation of the witness with opinions based thereon, presentation at the trial, and presentation of data to the expert outside of court and other than by his own perception. *Fed. R. Evid.* 703, Advisory Committee Notes. Further, the Defendants' Motion does not take into account the fact that Plaintiff's experts should be allowed to offer rebuttal testimony to the Defendants' experts as well.

Inasmuch as Defendants' Motion relates to Plaintiffs' expert Richard Edwards[2] offering new opinions, Plaintiff also opposes this motion. Defendants seek to exclude expert opinions and evidence developed as a result of an inspection that occurred on April 18, 2013. In this case, the Court issued a Final Scheduling Order setting the discovery cut off for January 18, 2013. (Scheduling Order). Defendants made their air bag expert, Karen Balavich, available for deposition on January 15, 2013. At her deposition, Ms. Balavich relied on testing conducted by Exponent. After Ms. Balavich disclosed these tests at her deposition, she also disclosed the air bags.

Earlier in the case, Plaintiff's Counsel shipped the airbag involved in the subject accident to Defendants' experts for examination and analysis. Believing Defendants' Counsel would return the favor, Plaintiff's Counsel requested that Defendants ship the air bags to Plaintiff's expert, Mr. Bowser, and then to Mr.

---

[2]It is not anticipated that Ron Kirk, Plaintiff's expert, will offer additional opinions and evidence developed as a result of an inspection on May 2, 2013.

Edwards for their review. In response to Plaintiffs' request, Defendants would only make the air bags available at Exponent's office in Detroit, Michigan. Mr. Edwards' office is located in Birmingham, Alabama, and Mr. Bowser lives in the upper peninsula of Michigan. Thus, because of Defendants' refusal to ship the air bags to Mr. Edwards and Mr. Bowser for inspection and photographing, Plaintiff's Counsel and Mr. Edwards had to make air travel, lodging, and on-site arrangements for Mr. Edwards and Mr. Bowser's time in Detroit, Michigan. Due to the exorbitant expenses involved, Plaintiff's Counsel only authorized Mr. Edwards to make the trip. Plaintiff incurred substantial expenses due to Defendants' refusal to simply ship the air bags, totaling $6,672.80. (Expert Invoice)(Attached as Exhibit "B"). Mr. Edwards' testimony and opinions are crucial to Plaintiff's case and her ability to provide expert testimony on the air bag Defendants tested.

For the reasons stated, Defendants' motion must be denied.

## 9. EXCLUDING EVIDENCE REGARDING DISCOVERY DISPUTES AND DEFENDANTS' DOCUMENT RETENTION POLICY

### a. Discovery Disputes

Plaintiff opposes this motion. Defendants' Motion is overly broad, vague, and ambiguous. Defendants ask this Court to exclude evidence of Defendants' discovery history in this case and other cases, the documents requested by Plaintiff but not produced by Defendants, documents no longer available pursuant to Defendants' document retention policies, and any other comments on discovery

disputes. Defendants appear to suggest that Defendant's discovery produced in this litigation, including Number 29 listed in Plaintiff's Rule 26(a)(3) Exhibit List, "Toyota's Response re: Exponent Fees," is not admissible in this case. (*See* Def.'s Mot. Exclude, Entry No. 142, 3 n.1). If Defendants are arguing that the discovery produced in this litigation is not admissible, Plaintiff obviously does not agree with such a proposition. Plaintiff's listed exhibit includes information concerning the income Toyota's experts received from Defendants over the past five years. Plaintiff filed a Motion to Compel Defendant to disclose this information, which was granted as to Defendant TMC. (Doc. No. 123).

As Plaintiff thoroughly explained in her Motion to Compel, and like this Court stated in its order, "[p]ayments to experts are properly discoverable under Rule 26 of the Federal Rules of Civil Procedure. Such information may be relevant to a witness's bias and/or prejudice, especially in cases where a long-term relationship exists between the expert and the party for whom she regularly testifies." (Doc. No. 123); *see Behler v. Hanlon,* 199 F.R.D. 553, 556-58 (D. Md. 2001). Defendants now assert this same evidence is "irrelevant and its probative value is substantially outweighed by the danger of undue prejudice." (Def.'s Mot. Exclude, Entry No. 142, 3). However, the Court has already ordered this information to be produced after finding that such information may be relevant to a witness's bias and/or prejudice. (Doc. No. 123). Plaintiff does intend to introduce Defendants' discovery produced to show witness bias and/or prejudice

in this case. However, Plaintiff will lay the proper foundation and predicate before introducing such evidence.

### b. Defendants' Document Retention Policy

Plaintiff opposes this motion. Plaintiff objects to Defendants attempt to keep Plaintiff from discovering what Toyota's witnesses and experts have reviewed. Plaintiff, on cross-examination, is given wide latitude to discover the basis of various opinions. Additionally, Plaintiff has the right to engage Defendants' experts and witnesses about the existence of documents that Defendants claim no longer exists. This line of questioning is relevant in determining credibility and what documents formed the basis of Defendants' experts' opinions and cannot logically be said to unfairly prejudice the Defendants.

For the reasons stated, Defendants' motion must be denied.

Respectfully Submitted,

THE CLARDY LAW FIRM

s/ B. Allen Clardy, Jr.
B. Allen Clardy, Jr. (Federal ID No. 6515)
1001 E. Washington St.
Greenville, SC 29601
Telephone: (864) 233-8888
Facsimile: (864) 233-8889
Email: Allen@theclardylawfrrm.com

William E. Hopkins, Jr. (Fed. I.D.
#6075)
12019 Ocean Highway
Pawleys Island, South Carolina 29585
Telephone: (843) 314-4202
Facsimile: (843) 314-9365
Email: bill@hopkinsfirm.com

R. Graham Esdale, Jr.
J. Cole Portis

Beasley Allen, Crow, Methvin, Portis &
Miles, PC Post Office Box 4160
Montgomery, AL 36103-4160
Telephone: (334) 269-2343
Facsimile: (334) 954-7555
Email:
Graham.Esdale@beasleyallen.com
Cole.Portis@beasleyallen.com

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing document was filed electronically with the Clerk of the Court for the U.S. District Court, District of South Carolina, using the electronic case filing system of the court. The electronic case filing system sent "Notice of Electronic Filing" to all attorneys of record listed below on this 31st day of May, 2013.

Joel H. Smith
Angela G. Strickland
Richard H. Willis
Bowman & Brooke, LLP
1441 Main Street, Suite 1000
Columbia, SC 29201
(803) 726-0200

Bard D. Borkon
Bowman and Brooke, LLP
150 South Fifth Street, Suite 3000
Minneapolis, MN 55402
(612) 672-3241

**Attorneys for Defendant**
**Toyota Motor Corporation;**
**Toyota Motor Sales, U.S.A., Inc.;**
**Toyota Motor Engineering and**
**Manufacturing North America, Inc.;**
**Toyoda Gosei North America Corp.**

/s/B. Allen Clardy, Jr.