## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## AIKEN DIVISION

| | | |
|---|---|---|
| Alacia C. Quinton as PR for the Estate of April Lynn Quinton, | ) ) ) | C/A No. <u>1:10-2187-JMC</u> |
| Plaintiff, | ) ) | **PLAINTFF'S MOTION TO EXCLUDE UNDISCLOSED EVIDENCE AND** |
| v. | ) ) | **TESTIMONY OF DEFENDANTS' EXPERT MICHAEL KLIMA** |
| Toyota Motor Corporation, et al., | ) ) | |
| Defendants. | ) | |

Plaintiff, Alacia C. Quinton as Personal Representative for the Estate of April Lynn Quinton ("Plaintiff"), by and through the undersigned attorneys, move this Court for an Order preventing Defendants Toyota Motor Sales, U.S.A., Inc., Toyota Motor Engineering and Manufacturing North America, Inc., and Toyoda Gosei North America Corporation ("Defendants") from introducing any evidence, testimony, exhibits, or other evidence in the presence of the jury that was not properly disclosed during pretrial discovery in accordance with *Federal Rule of Civil Procedure* 26 and this Court's Orders.

### I.     <u>Argument</u>

Plaintiff anticipates that Defendants will offer documents and/or expert opinions that were not properly disclosed during pretrial discovery pursuant to *Federal Rules of Civil Procedure* 26. Specifically, Plaintiff anticipates that Defendant will attempt to offer additional expert opinions and evidence developed

by Defendants' expert, Michael Klima that was not properly disclosed to Plaintiff, regarding tests conducted on November 15, 2012. Any expert opinions or other evidence that was not properly disclosed in accordance with *Federal Rule of Civil Procedure* 26 and should be excluded at trial pursuant to *Federal Rule of Civil Procedure* 37.

*Federal Rule of Civil Procedure* 26(a)(2) governs the disclosure of proposed expert testimony. This rule requires the disclosure of the identity of persons who may testify as expert witnesses and production of a report for each such witness. *Fed. R. Civ. P.* 26(a)(2)(A)-(B). Among the items required to be disclosed by the expert report is the following: a complete statement of all the expert's opinions and the basis and reasons of those opinions, the data and information considered by the expert, including documents provided by counsel, any exhibits to be used as support for or a summary of the opinions. *See Atkins v. County of Orange,* 372 F.Supp. 2d 377 (S.D.N.Y. 2005) (finding expert report is deficient if it fails to include any of the underlying conclusions on which the expert's ultimate opinions are based; *Fidelity Nat. Title Ins. Co. v. Intercounty Nat. Title Ins. Co.,* 412 F.3d 745 (7th Cir. 2005) (relying on *Fed. R. Civ. P.* 26 and stating that "[a] litigant is required to disclose to his opponent any information 'considered' by the litigant's testifying expert")

In his deposition, Mr. Klima discussed static deployment tests conducted on a Ford and Camry vehicle on November 15, 2012. (Klima Dep. 77). A test report of those tests was produced which contained photographs regarding the tests. Mr.

Klima stated that the <u>primary or only purpose</u> of that test was to determine the "stand time" of the air bag. (Klima Dep. 77:11-17; 85:15-24).

On May 22, 2013, Defendants filed an Amended Trial Exhibit List listing three (3) exhibits Defendants expect to offer at trial.[1] One exhibit includes photographs from the Exponent test dated November 15, 2012, which were not produced with the test report, Mr. Klima's Expert Report, or at Mr. Klima's deposition. (Def.'s Amended Ex. List., May 22, 2013, No. 649). Plaintiff anticipates that Defendants seek to offer Mr. Klima's expert opinion on other issues based on these tests after Mr. Klima only disclosed one primary purpose for these tests: stand time. This evidence should be excluded to the extent that any such testimony or evidence is offered in regard for any purpose other than the "stand time" Mr. Klima specifically identified in his prior deposition.

Further, these photographs from the November 15 test that were identified were not disclosed to Plaintiffs until they were attached and filed along with Defendants' Trial Exhibit List on May 22, 2013. Plaintiff is unaware of when these photographs were taken. However, these pictures have no relevance or relationship to the stand time of the air bag.

Any expert opinions or other evidence regarding the November 15 tests by Mr. Klima should be excluded. Mr. Klima failed to disclose any other purpose of the November 15 tests other than for the purpose of "stand time." Any testimony

---

[1] Defendant's Trial Exhibits 647, 649, and 650 appear to include photographs and other evidence regarding testing conducted on November 15, 2012 for purposes other than determining "stand time." (See Def.'s Ex. List filed on May 22, 2013).

or evidence as is relates to other purposes should be excluded from trial pursuant to *Federal Rule of Civil Procedure* 37. *Muldrow v. Re-Direct, Inc.,* 493 F.3d 160, 167 (D.C. Cir. 2007) (stating that the purpose of Rule 26 is to eliminate unfair surprise and the under Rule 37, if a party fails to disclose the information required, its expert may not testify as to that information).

## II.    <u>Conclusion</u>

For the foregoing reasons, Plaintiffs respectfully request that this Court exclude from evidence at trial any documents, photographs, exhibits, or expert testimony of Mr. Klima that were not timely and properly disclosed by Defendants in accordance with *Federal Rules of Civil Procedure* 26 and 37. In particular, this Court should exclude any such evidence regarding the November 15 tests for any purpose other than the purpose of stand time as specified in Mr. Klima's deposition.

Respectfully Submitted,

THE CLARDY LAW FIRM

 s/ B. Allen Clardy, Jr.
B. Allen Clardy, Jr. (Federal ID No. 6515)
1001 E. Washington St.
Greenville, SC 29601
Telephone: (864) 233-8888
Facsimile: (864) 233-8889
Email: Allen@theclardylawfrrm.com

William E. Hopkins, Jr. (Fed. I.D. #6075)
HOPKINS LAW FIRM, LLC
12019 Ocean Highway
Pawleys Island, South Carolina 29585
Telephone: (843) 314-4202
Facsimile: (843) 314-9365
Email: bill@hopkinsfirm.com

R. Graham Esdale, Jr.
J. Cole Portis

BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, AL 36103-4160
Telephone: (334) 269-2343
Facsimile: (334) 954-7555
Email:
Graham.Esdale@beasleyallen.com
Cole.Portis@beasleyallen.com


Attorneys for Plaintiff

# CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing document was filed electronically with the Clerk of the Court for the U.S. District Court, District of South Carolina, using the electronic case filing system of the court. The electronic case filing system sent "Notice of Electronic Filing" to all attorneys of record listed below on this 31st day of May, 2013.

Joel H. Smith
Angela G. Strickland
Richard H. Willis
Bowman & Brooke, LLP
1441 Main Street, Suite 1000
Columbia, SC 29201
(803) 726-0200

Bard D. Borkon
Bowman and Brooke, LLP
150 South Fifth Street, Suite 3000
Minneapolis, MN 55402
(612) 672-3241

**Attorneys for Defendant**
**Toyota Motor Corporation;**
**Toyota Motor Sales, U.S.A., Inc.;**
**Toyota Motor Engineering and**
**Manufacturing North America, Inc.;**
**Toyoda Gosei North America Corp.**

/s/B. Allen Clardy, Jr.