UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Alacia C. Quinton as PR for the Estate of April Lynn Quinton,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>Toyota Motor Corporation, Toyota Motor Sales U.S.A., Inc., Toyota Motor Engineering and Manufacturing North America, Inc.; Toyoda Gosei North America Corporation,<br><br>　　　　Defendants. | Civil Action No.: 1:10-cv-02187-JMC<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO EXCLUDE UNDISCLOSED EVIDENCE AND TESTIMONY OF DEFENDANTS' EXPERT MICHAEL KLIMA** |

Defendants, Toyota Motor Corporation, Toyota Motor Sales U.S.A., Inc., Toyota Motor Engineering and Manufacturing North America, Inc., and Toyoda Gosei North America Corporation (hereinafter "Defendants") respond to Plaintiff's Motion to Exclude Undisclosed Evidence and Testimony of Defendants' Expert Michael Klima as follows.

### I. Defendants' expert, Michael Klima, has not developed new opinions regarding the November 15, 2012 demonstrations.

Defendants conducted side curtain airbag deployment demonstrations on November 15, 2012. See Side Curtain Airbag Deployment Demonstrations, Report No. TEC1207089, Defs' Exhs. 77-79. Defendants' expert, Michael Klima[1], was present for these demonstrations. As described in Mr. Klima's deposition, the purpose of the demonstrations was to measure the pressures of the airbags throughout deployment, the rate of decay of the pressure, and the ultimate "stand time" of the airbags. See Deposition of M. Klima, 77:11-17 and 85:15-24, selected portions attached hereto as

---
[1] Defendants' expert, Karen Balavich, was also present.

1

**Exhibit A**. This is still the purpose of the demonstrations, and Mr. Klima will testify as such. As discussed further below, the only allegedly "new" evidence regarding these demonstrations are photographs showing the test vehicle and its B-pillar trim piece. See Defendant's Trial Exhibit 649. Mr. Klima will not offer new opinions regarding this trim piece, but only intends to describe its physical appearance pre- and post-test, as a matter of fact.

## II. Defendants' trial exhibits 647, 649, and 650 are properly admissible.

In her motion, Plaintiff takes issue with three of Defendants' trial exhibits – 647, 649, and 650. These exhibits are admissible.

### a. Exhibit 647

Defendants' Exh. 647 is a PowerPoint containing a selection of Mr. Klima's vehicle inspection photographs and other selected items previously produced. These documents were produced with Mr. Klima's expert report on December 3, 2012, and were made available with his file at his deposition taken on December 6, 2012.

### b. Exhibit 649

Defendants' Exh. 649 are additional photographs of the test vehicle used in the demonstrations conducted on November 15, 2012. Along with the demonstration report, 165 photographs, as well as video, were produced in both Mr. Klima's and Ms. Balavich's reliance materials to their respective reports. See Defendants' Trial Exh. 77. While the exact photographs included in Defendants' Exh. 649 were not previously disclosed prior to being provided with the trial exhibit list, Plaintiff has known about this test vehicle since the disclosure of these demonstrations on December 3, 2012, and has had the opportunity to inspect it fully before trial if she had so desired. Plaintiff's expert inspected the airbags used in another demonstration (dated November 20, 2012)

on April 18, 2013, which was three months after the close of discovery.[2] Therefore, had Plaintiff desired to inspect the test vehicle, she had ample opportunity to do so.

### c.     Exhibit 650

Defendants' Exh. 650 contains publicly available Toyota Camry side impact crash test data, which was referenced in Figure 4 of Karen Balavich's Rule 26(a)(2) report, dated 11/30/12.  See Report of K. Balavich, p. 5, selected pages attached hereto as **Exhibit B**.  This data was relied upon by Ms. Balavich and, as mentioned, was cited as a reference in her expert report.  Defendants therefore timely disclosed this information.

### III.    **Defendants' expert, Mr. Klima, has appropriate foundation to factually describe the physical condition of the Camry used in the demonstrations.**

As described above, Defs' Exh. 649 contains additional photographs of the previously disclosed test vehicle.  These photographs show the B-pillar trim piece in the test vehicle.  Mr. Klima intends to describe the condition of the trim piece pre- and post-demonstration, and explain that it was not damaged by the deployment of the airbag.  This is not a new opinion.  This is a statement of fact that is easily observable from the test vehicle.  The previously produced photographs in Exh. 77 did not show this undamaged B-pillar trim piece after the test because the curtain shield airbag was

---

[2] For the record, Defendants wish to clarify the timing of their disclosure of Exponent's November 20, 2012 constrained curtain airbag tests.  In her Opposition to Defendants' Motion in Limine No. 8, Plaintiff asserts that "Ms. Balavich disclosed these tests at her deposition[.]"  ECF No. 153, at p. 16.  While that is true, Ms. Balavich previously disclosed these tests as Appendix E to her 11/30/12 R.26(a)(2) report, which Defendants provided to Plaintiff on December 3, 2012.  See **Exh. B**, at p. 14; ECF No. 94.  Moreover, Plaintiff did not ask to inspect the airbags Exponent tested on 11/20/12 until February 13, 2013.  See Email from T. Perkins, attached as **Exhibit C**.  Toyota's counsel responded to this request on February 22, 2013 by allowing Plaintiff to inspect the bags at Ms. Balavich's office in Farmington Hills, Michigan.  See Letter from A. Strickland to R.G. Esdale, attached as **Exhibit D**.

hanging down and covering the upper surface of the B pillar trim. The photographs in Exh. 77 do show the condition of the B-pillar trim piece before the test. Mr. Klima has the appropriate foundation to provide this description as he was present when the test was run and he observed the test vehicle before and after the test. If Mr. Klima is not permitted to state such factual descriptions regarding a demonstration that he was a part of, then Defendants will need to call another witness to present these facts to the jury.[3] However, because Mr. Klima already has the proper foundation to introduce the facts of these demonstrations, and rely upon them, it would seem to be a waste of court time and resources to add another witness for this very limited purpose.

## IV.     Conclusion

For the reasons stated herein, Defendants respectfully request Plaintiff's motion be denied.

---

[3] Micky Marine was disclosed on December 20, 2012, and appears as a "may call" witness on our timely submitted witness list. See Defendant, Toyota Motor Sales, U.S.A., Inc.'s Supplemental Response to Plaintiff's Interrogatories, attached hereto as **Exhibit E**; and ECF No. 126-1. Based on the date of disclosure, Plaintiff had ample opportunity to depose Mr. Marine had she asked to do so.

Respectfully submitted

BOWMAN AND BROOKE LLP

By: s/Angela G. Strickland
Richard H. Willis
Federal Bar No. 4700
E-mail address:
richard.willis@bowmanandbrooke.com
Angela G. Strickland
Federal Bar No. 9824
E-mail address:
angela.strickland@bowmanandbrooke.com
1441 Main Street, Suite 1200
Columbia, SC 29201
(803) 726-7420

a*nd*

Bard D. Borkon
(*Pro Hac Vice*)
E-mail address:
bard.borkon@bowmanandbrooke.com
Bowman and Brooke LLP
150 South Fifth Street, Suite 3000
Minneapolis, MN 55402
Tel: 612-672-3241
Fax: 612-672-3200

Counsel for Defendants,
*Toyota Motor Corporation, Toyota Motor Sales, U.S.A., Inc., Toyota Motor and Manufacturing North America, Inc., and Toyoda Gosei North America Corporation*

Date:  June 3, 2013