**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION**

| | |
|---|---|
| Alacia C. Quinton as PR for the Estate of April Lynn Quinton, | ) ) ) |
| Plaintiff, | ) ) Civil Action No.: 1:10-cv-02187-JMC ) |
| v. | ) **OPINION AND ORDER** ) ) |
| Toyota Motor Corporation; Toyota Motor Sales U.S.A., Inc.; Toyota Motor Engineering and Manufacturing North America, Inc.; Toyoda Gosei North America Corporation, | ) ) ) ) ) ) |
| Defendants. | ) ) ) |

This products liability action arises out of a fatal car crash involving April Lynn Quinton ("Quinton"). Plaintiff Alacia C. Quinton ("Plaintiff"), as Personal Representative for Quinton's estate, brought a wrongful death suit against Defendants Toyota Motor Corporation, Toyota Motor Sales U.S.A., Inc., Toyota Motor Engineering and Manufacturing North America, Inc., and Toyoda Gosei North America Corporation (collectively "Defendants") alleging state law claims for strict products liability, breach of warranty, and negligence.

Currently before the court is Plaintiff's Motion *in Limine* #2 to exclude all evidence related to accident causation or fault. [Dkt. No. 143]. Plaintiff alleges that such evidence is irrelevant and unduly prejudicial pursuant to Federal Rules of Evidence 401, 402 and 403. For the reasons discussed below, the Motion is DENIED.

On October 14, 2009, decedent April Lynn Quinton was driving a rented 2009 Toyota Camry in Aiken, South Carolina. For reasons unknown, Quinton lost control of the vehicle while driving north into a left-hand curve. The car exited the road, struck an embankment, and

1

rolled over several times before coming to rest on its wheels.  During the rollover, Quinton suffered severe head injuries from which she never recovered.  Quinton died on October 23, 2009.  Plaintiff initially filed a wrongful death and survival action against Defendants in the Court of Common Pleas of Aiken County, South Carolina. [Dkt. No. 1-1].  Plaintiff claims that Quinton's death was caused by certain defects in the Camry at issue in this case.  *Id*.  Defendants subsequently removed the case to the United States District Court for the District of South Carolina [Dkt. No. 1] and filed answers denying liability to Plaintiff.  Summary judgment was denied in part and granted in part and this case is ready for trial.

Plaintiff brings this case under the crashworthiness doctrine.  Plaintiff alleges that the Camry's airbag was defective and failed to deploy properly during the accident.  Therefore, "Plaintiff alleges that the defect caused an 'enhanced injury' when the accident occurred, resulting in Ms. Quinton's death."  Plaintiff's Motion *in Limine*, at 3 [Dkt. No. 143].  In applying crashworthiness in a cause of action, "liability is imposed not for defects that cause collisions but for defects that cause injuries after collisions occur."  *Jimenez v. DaimlerChrysler Corp.*, 269 F.3d 439, 452 (4th Cir. 2001) (citing *Mickle v. Blackmon*, 252 S.C. 202, 166 S.E.2d 173 (1969)).  Therefore, "evidence about the cause of the original accident is not relevant."  *Id*.  In *Jimenez*, the Fourth Circuit analyzed whether the district court properly excluded evidence of causation in a crashworthiness case.  Defendant Chrysler argued the district court erred because South Carolina had adopted a comparative negligence regime, and thus the driver's alleged negligence was relevant to a damages calculation.  In concluding that the lower court committed no error, the Court noted that South Carolina had not addressed the issue of whether causation was relevant in a crashworthiness analysis and that there was a split of authority on the issue.  *Id.* at 453.  Therefore, the Court concluded, "although we cannot be certain what rule South Carolina

2

would adopt, we cannot say the district court erred in concluding that in light of the crashworthiness principle, the cause of the original accident was not relevant to proving a claim for enhanced injury." *Id.*

In the decade since *Jimenez* was decided, South Carolina courts still have not directly addressed whether causation is appropriately admitted in a crashworthiness case.[1] However, in a recent case from the South Carolina Supreme Court, the Court embraced the Restatement (Third) of Torts: Products Liability (1998) ("Restatement Third"). *Branham v. Ford Motor Co.*, 390 S.C. 203, 220, 701 S.E.2d 5, 14 (2010) (adopting the Restatement Third's risk-utility test for a design defect claim). As part of its rationale for doing so, the Supreme Court observed that the South Carolina Legislature had adopted the Restatement (Second) of Torts in 1974 and had adopted the comments to the Restatement as legislative intent. *Id.* (citing S.C. Code. Ann. §§ 15-73-10 - 30 (2005)). In deciding to adopt at least a portion of the Restatement Third, the Court "believe[d] that the Legislature's foresight in looking to the American Law Institute for guidance in this area is instructive." *Id*.

The Restatement Third contemplates scenarios of increased harm due to a product defect. "When a product is defective at the time of commercial sale or other distribution and the defect is a substantial factor in increasing the plaintiff's harm beyond that which would have resulted from other causes, the product seller is subject to liability for the increased harm." Restatement (Third) of Torts: Prod. Liab. § 16(a) (1998).[2] The comments to this section directly address the

---

[1] All parties acknowledged at the hearing that there was no South Carolina law directly on point. In response to an offer from the court to certify the question to the South Carolina Supreme Court, the parties indicated that they would prefer for this court to try to ascertain how South Carolina courts would rule on the issue.

[2] The Restatement notes that the issue of increased harm arises most frequently in crashworthiness cases like this one.

> This Section deals with the problem of increased harm, often referred to as the issue of "enhancement" of harm. Liability for increased harm arises most frequently in automobile crashworthiness cases, but can also

3

argument here – whether the cause of an accident is relevant in ascertaining damages for enhanced injuries.

> Section 17 sets forth the general rules governing plaintiff's fault in products liability litigation. It provides that plaintiff's fault is relevant in apportioning liability between the plaintiff and the product seller. The seriousness of the plaintiff's fault and the nature of the product defect are relevant in apportioning the appropriate percentages of responsibility between the plaintiff and the product seller. See § 17, Comment *d*. *Accordingly, the contributory fault of the plaintiff in causing an accident that results in defect-related increased harm is relevant in apportioning responsibility between or among the parties, according to applicable apportionment law*. In apportioning responsibility in such cases, it may be important that requiring a product to be designed reasonably to prevent increased harm aims to protect persons in circumstances in which they are unable to protect themselves.

*Id.*, Comment *f* (emphasis added). Section 17 indicates that "[a] plaintiff's recovery of damages for harm caused by a product defect may be reduced if the conduct of the plaintiff combines with the product defect to cause the harm and the plaintiff's conduct fails to conform to generally applicable rules establishing appropriate standards of care." *Id.* § 17(a).

Plaintiff argues that under the rationale in *Jimenez*, the court should exclude evidence of the cause of the accident and Plaintiff's alleged fault. The court disagrees. The *Jimenez* court did not hold that South Carolina would not admit evidence of cause in a crashworthiness analysis, but only that the district court did not err in excluding such evidence under then current South Carolina law. While the law in South Carolina remains undecided and there is a split of authority on the issue,[3] several factors weigh in favor of admitting causation evidence. First,

---

> arise in connection with other products. Typically, the plaintiff is involved in an automobile accident caused by conduct or circumstances other than a product defect. The plaintiff would have suffered some injury as a result of the accident even in the absence of the claimed product defect. However, the plaintiff contends that the injuries were aggravated by the vehicle's failure reasonably to protect occupants in the event of an accident.

Restatement (Third) of Torts: Prod. Liab. § 16 (1998)

[3] *Compare e.g., Dannenfelser v. DiamlerChrysler Corp.*, 370 F. Supp. 2d 1091 (D. Haw. 2005) (allowing a defense of comparative negligence in a case where the plaintiff alleged an airbag defect) and *Hinkamp v. Am. Motors Corp.*, 735 F.Supp. 176, 178 (E.D.N.C. 1989) *with Andrew v. Harley Davidson, Inc.*, 106 Nev. 533 (1990) (finding evidence of plaintiff's intoxication was not relevant in a crashworthiness analysis) and *Giannini v. Ford Motor Co.*,

there is no dispute that South Carolina has adopted comparative negligence for torts cases. *See Nelson v. Concrete Supply Co.*, 303 S.C. 243, 245 (1991). Second, the Supreme Court in *Branham* was clear in its approval of the Restatement Third and its comments, which directly address this issue and find causation to be relevant. Third, the majority of jurisdictions that have considered the issue have held that comparative negligence is appropriately considered in crashworthiness cases. *See Dannenfelser*, 370 F. Supp. 2d at 1096 (compiling cases); *Jahn v. Hyundai Motor Co.*, 773 N.W.2d 550, 554–55 (Iowa 2009) (same).

Moreover, the court is persuaded by the dissent in *Jimenez*, which points out that "[b]ecause in South Carolina a crashworthiness plaintiff is never entitled to any recovery except for enhanced injuries, the crashworthiness doctrine itself always apportions liability by exempting the manufacturer for responsibility for all injuries caused by the first collision." *Jimenez*, 269 F.3d at 455 (Niemeyer, J., dissenting) (quoting Brief of Appellee at 27). In other words, "[i]n every crashworthiness case, the jury will be required to determine how much of a plaintiff's injuries resulted from the initial collision and how much of the injuries were the result of a second collision . . . the jury is already comparing the plaintiff's and the defendant's behavior in order to determine causation." *Montag by Montag v. Honda Motor Co.*, 75 F.3d 1414, 1419 (10th Cir. 1996). It follows that there is no reason to deprive the jury of the evidence needed to make these determinations. Finally, the court agrees with Defendants that even if causation were not appropriately admitted for crashworthiness, such evidence is relevant as it underpins the analysis and conclusions of the experts' accident reconstruction.

---

616 F. Supp. 2d 219, 223 (D. Conn. 2007) (declining to apply comparative negligence, but noting that the outcome may have been different if the negligence affected the operation of the seat belt, which was allegedly defective).

For the foregoing reasons, Plaintiff's motion to exclude evidence of causation is **DENIED**.

**IT IS SO ORDERED**.

*J. Michelle Childs*

United States District Judge

June 7, 2013
Greenville, South Carolina

6