UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Alacia C. Quinton as PR for the Estate of April Lynn Quinton,<br><br>Plaintiff,<br><br>v.<br><br>Toyota Motor Corporation, Toyota Motor Sales U.S.A., Inc., Toyota Motor Engineering and Manufacturing North America, Inc.; Toyoda Gosei North America Corporation,<br><br>Defendants. | Civil Action No.:  1:10-cv-02187-JMC<br><br>**DEFENDANTS' MOTION FOR DIRECTED VERDICT ON PLAINITIFF'S CLAIMS FOR NEGLIGENCE AND PUNITIVE DAMAGES** |

Defendants Toyota Motor Corporation, Toyota Motor Sales U.S.A., Inc., Toyota Motor Engineering and Manufacturing North America, Inc., and Toyoda Gosei North America Corporation (collectively, "Defendants") herein move for judgment as a matter of law, pursuant to Fed. R. Civ. P. 50(a)(2), on Plaintiff's negligence claim.  At this time, Plaintiff has fully presented her case to the jury, but she has failed to assert a legally cognizable claim for negligence against Defendants.  Thus, a reasonable jury would not have a legally sufficient evidentiary basis for a finding of negligence or an award of punitive damages, and Defendants should therefore be granted judgment as a matter of law on this issue.  Fed. R. Civ. P. 50(a)(1).

**I.   Applicable Law**

In South Carolina, products liability cases may be brought under theories of negligence, strict liability, and warranty, but punitive damages are only available in cases that are brought under the negligence theory.  Barnwell v. Barber-Colman Co.,

301 S.C. 534, 393 S.E.2d 162, 164 (1989) ("Recovery of punitive damages is not allowed under a cause of action based solely upon the South Carolina strict liability statute"); Rhodes v. McDonald, 345 S.C. 500, 548 S.E.2d 220 (Ct. App. 2001) (holding that punitive damages are not available for a breach of warranty).  The product liability theories share three elements: 1) the product injured the plaintiff; 2) the product, at the time of the accident, was in essentially the same condition as when it left the hands of the defendant; and 3) the injury was caused because the product was in a defective condition unreasonably dangerous to the user.  Rife v. Hitachi Const. Machinery Co., Ltd., 363 S.C. 209, 215, 609 S.E.2d 565, 568 (Ct. App. 2005).

However, the negligence theory further requires the plaintiff prove a defendant failed to exercise due care, which puts the focus on *the conduct* of the defendant rather than on the product itself.  Branham v. Ford Motor Co., 390 S.C. 203, 210, 701 S.E.2d 5, 7 (2010) (citing Bragg v. Hi-Ranger, Inc., 319 S.C. 531, 539, 462 S.E.2d 321, 326 (Ct. App. 1995)).  It is this focus on the defendant's conduct that explains why punitive damages are available only under the negligence theory, for South Carolina requires proof that a defendant has acted in willful, wanton, or reckless disregard of a plaintiff's rights in order for an award of punitive damages.  Duncan v. Ford Motor Co., 385 S.C. 119, 138, 682 S.E.2d 877, 886 (Ct. App. 2009).  This requirement of conduct that exceeds mere negligence is, of course, consistent with the retributive function of punitive damages.

By statute, a plaintiff has the burden of establishing a defendant's willful, wanton, or reckless conduct by offering clear and convincing evidence.  S.C. Code Ann. § 15-33-135 (2005).  Clear and convincing evidence "is that degree of proof which will

produce in the mind of the [jury] a firm belief as to the allegations sought to be established," and it is the highest burden of proof in all of civil law. Duncan, 385 S.C. at 138, 682 S.E.2d at 886 (internal quotation marks omitted).

## II.     Procedural History

Prior to trial, the Defendants, including TGNA, moved for summary judgment on Plaintiff's claim for punitive damages. (**ECF 99**). Plaintiff did not respond to the motion, which the Court denied on the grounds that fact questions existed on A) Plaintiff's design defect claim regarding the subject vehicle's lack of a rollover-sensing side airbag, and B) a potential manufacturing defect in the bag could indicate the Defendants acted in a manner that would support an award of punitive damages. (**ECF 116**). After entry of that order, Defendants moved the Court to reconsider. (**ECF 144**). The Court denied this motion without prejudice, but, in light of Defendants' arguments, directed Plaintiff to file a brief addressing whether she had named the proper defendants. (**ECF 202**). Plaintiff filed the brief, which will be addressed below. (**ECF 211**).

At trial, Plaintiff formally abandoned her design defect claim regarding Toyota's decision not to incorporate a rollover-sensing airbag, effectively conceding there was no factual question as to the first grounds upon which the Court denied the motion for summary judgment.

## III.    Plaintiff's Claim for Negligence Against Defendants is Based Upon an Alleged Duty that Does Not Exist

As was discussed at the oral argument on the motion to reconsider, Defendant Toyoda Gosei North America Corporation ("TGNA") is not a proper defendant for South Carolina's negligence theory of products liability because TGNA was not involved in

3

manufacturing the subject airbag.[1]  It is impossible for Plaintiff to establish the fourth, conduct-based element of this cause of action because TGNA did not engage in *any* conduct in relation to the manufacture of this airbag.[2]  There is no way a jury could find TGNA failed to exercise due care in the manufacture of the airbag because TGNA was not involved in the manufacturing process.  As such, there is nothing to be measured by the due care standard.  By this same logic, then, TGNA cannot be subject to punitive damages, which would require clear and convincing evidence that its conduct was worse than negligent.

It is important to understand that this not some sort of neat rhetorical tautology whereby TGNA wins and Plaintiff loses.  By nature of its role in the stream of commerce, TGNA would be subject to compensatory damages under the strict liability theory if Plaintiff were able to establish that the airbag did indeed suffer from a manufacturing defect.  And similarly, Plaintiff would be entitled to pursue a negligence cause of action (including seeking punitive damages) against a proper defendant; namely, one who actually engaged in manufacturing conduct that could be measured

---

[1] At the time of oral argument, Plaintiff had not yet abandoned her design defect claim, and it appeared she planned to pursue that claim against the non-TGNA Defendants while pursuing the manufacturing defect claim against TGNA.  In line with this understanding, Plaintiff's post-oral argument brief addressed its arguments only towards TGNA.  See, **ECF 211**.  While this motion responds directly to arguments raised in that brief, these arguments are offered on behalf of all the Defendants (to the extent Plaintiff continues to pursue its claim against the non-TGNA Defendants) because, like TGNA, they were not involved in the manufacture of the subject airbag.

[2] As has been previously discussed, the manufacture and assembly of the subject airbag is a collaborative effort on the part of several different companies in Thailand and the United States.  Plaintiff's punitive damage brief incorrectly asserts that TGNA installed the airbag's inflator, but that step is actually performed by TG-Missouri.  It is an uncontroverted fact that TGNA was not involved in the manufacture, testing, or assembly of the airbag (nor were the other Defendants).

against the standard of due care. TGNA is simply not such a defendant, and neither are the other Defendants.

In an effort to avoid addressing this fundamental concept (as was directed by the Court in the order denying the motion to reconsider) and salvage the negligence claim, Plaintiff filed a brief that seeks to establish a duty on the part of TGNA that does not exist under either South Carolina or federal law (and that Plaintiff did not allege in her Complaint). Plaintiff argues that because TGNA's 30(b)(6) witness, Michael Schorle, testified in his deposition that he did not know all of the quality assurance and control procedures at the various companies involved in the manufacture of the subject airbag, TGNA has breached "these duties imposed upon it by federal law." (**ECF 211**, p. 3). Notably, the brief contains not a single reference to South Carolina law.

The brief does not articulate the legal duty or duties TGNA allegedly breached. Instead, it seeks to define TGNA as a "manufacturer" through reference to the definition sections of the Consumer Product Safety Act and the Federal Motor Vehicle Safety Act, and then it simply asserts, without support, that this includes the duty to know some undefined amount of information about the quality control procedures utilized at the factories of the Thai airbag component suppliers.[3]

This argument, however, is without legal support. In fact, the Consumer Product Safety Act upon which Plaintiff relies *expressly excludes* motor vehicles and their components from its provisions. 15 U.S.C. § 2052(a)(5)(C) ("The term 'consumer

---

[3] It is worth noting that the duty (and breach) Plaintiff seems to be alleging is not compatible with the issue of causation under the facts of this case. Assuming for the sake of argument that TGNA did have this duty and that it was breached, Plaintiff has offered no evidence to show that the alleged hole in the airbag would not have existed but for such a breach.

5

product'…does not include motor vehicles or motor vehicle equipment[.]"). Thus, that Act is inapplicable to this case and Plaintiff's reliance on it is, therefore, misplaced.[4] Plaintiff also refers to the Federal Motor Vehicle Safety Act. Although the FMVSA does apply to airbags, it does not impose a duty on the part of TGNA to monitor the quality control processes of separate companies that manufacture component parts.[5] See, 15 U.S.C. § 30101, *et. seq.* The Federal Motor Vehicle Safety Standards enacted to enforce the FMVSA create no such duty either. 49 C.F.R. § 571.1, *et. seq.* Finally, and most importantly, there is no such duty under South Carolina law and Plaintiff has not even argued that there is.

## CONCLUSION

Plaintiff's negligence claim against Defendants cannot prevail as a matter of law. Because Defendants were not involved in manufacturing the subject airbag, it is impossible for them to be liable for negligent manufacture—meaning *conduct* that falls below a standard of reasonable care—in regard to the airbag. In an effort to make her preferred theory of recovery fit the uncontroverted facts of this case, Plaintiff has relied on inapplicable law and unsupported assertions to articulate a duty that is unheard of in the laws of this State. The purported duty does not exist, and Plaintiff, therefore, cannot prevail on this theory, which means she is not entitled to punitive damages under South

---

[4] Likewise, the regulations Plaintiff cites are inapplicable because they seek to enforce the Consumer Product Safety Act. The airbag at issue is not a consumer product under the very same law Plaintiff has cited in her brief.

[5] This would remain true even TGNA actually were a manufacturer. The FMVSA does not impose a duty on any type of entity to monitor the quality control of any other entity. See, 15 U.S.C. § 30101, *et. seq.* In fact, as will be shown during Defendants' case, the quality assurance verification and oversight as it pertains to Asian suppliers resides within Toyoda Gosei Limited (TG-Japan). However, Defendants need not prove this during Plaintiff's case as that burden remains on Plaintiff.

Carolina law. If Plaintiff can establish the elements of strict products liability, then she will be entitled to a recovery in this case. But, for the reasons described herein, that recovery cannot be for negligence.

Respectfully submitted,

BOWMAN AND BROOKE LLP

By: s/Angela G. Strickland
Joel H. Smith
Federal Bar No. 3910
E-mail address:
joel.smith@bowmanandbrooke.com
Angela G. Strickland
Federal Bar No. 9824
E-mail address:
angela.strickland@bowmanandbrooke.com
1441 Main Street, Suite 1200
Columbia, SC 29201
Tel: 803.726.7420
Fax: 803.726.7421

*and*

Bard D. Borkon
(*Pro Hac Vice*)
E-mail address:
bard.borkon@bowmanandbrooke.com
Bowman and Brooke LLP
150 South Fifth Street, Suite 3000
Minneapolis, MN 55402
Tel: 612-672-3241
Fax: 612-672-3200

Counsel for Defendants,
*Toyota Motor Corporation, Toyota Motor Sales, U.S.A., Inc., Toyota Motor and Manufacturing North America, Inc., and Toyoda Gosei North America Corporation*

Date: June 12, 2013