UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Alacia C. Quinton as PR for the Estate of April Lynn Quinton, | ) ) ) | Civil Action No. 1:10-02187-JMC |
| Plaintiff, | ) ) | |
| v. | ) ) | **ORDER AND OPINION** |
| Toyota Motor Corporation, Toyota Motor Sales U.S.A., Inc., Toyota Motor Engineering and Manufacturing North America, Inc.; Toyoda Gosei North America Corporation, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

This matter is before the court by way of a motion filed by Plaintiff Alacia C. Quinton as PR for the Estate of April Lynn Quinton ("Plaintiff") for a new trial pursuant to Fed. R. Civ. P. 59(a) and/or to alter or amend the court's judgment pursuant to Fed. R. Civ. P. 59(e). (ECF No. 258.) Defendants Toyota Motor Corporation, Toyota Motor Sales U.S.A., Inc., Toyota Motor Engineering and Manufacturing North America, Inc., and Toyoda Gosei North America Corporation ("TGNA") (collectively "Defendants") oppose Plaintiff's motion. (ECF No. 259.) For the reasons stated below, the court **DENIES** Plaintiff's motion for a new trial and/or to alter or amend the judgment.

## I. RELEVANT BACKGROUND TO PENDING MOTION[1]

The court conducted a jury trial in this matter on June 10-13 and 17-21, 2013. (See ECF Nos. 213, 219, 228, 233, 236, 237, 242, 245, 247.) After the close of Plaintiff's case, the court on June 13, 2013, granted a motion by Defendants for judgment as a matter of law pursuant to

---

[1] The court's April 17, 2013 order contains a recitation of the relevant factual and procedural background of the matter and is incorporated herein by reference. (ECF No. 115.)

Fed. R. Civ. P. 50(a) on Plaintiff's claim for negligence. (ECF No. 233.) On June 21, 2013, the jury returned a verdict for Defendants on Plaintiff's claim for strict products liability. (ECF No. 251.) Thereafter, on June 24, 2013, the court entered judgment for Defendants on Plaintiff's claims for strict products liability, breach of warranty, and negligence.[2] (ECF No. 255.)

On July 22, 2013, Plaintiff filed the pending motion for new trial and/or to alter or amend the judgment, asserting that the motion should be granted for the following reasons: (1) in granting a directed verdict to Defendant on her negligence claims, the court erred in finding that "TGNA did not have a duty of due care to ensure that the airbag was not defective because it lacked knowledge as the manufacturing, testing and inspection of the product prior to the airbag being imported by TGNA into the United States"; (2) the court gave a jury charge on products liability that was misleading, confusing, and an inaccurate statement of the law; and (3) a manifest injustice occurred because the court wrongly excluded certain claims and entered a verdict and judgment that were against the greater weight of the evidence. (ECF No. 258.) On August 8, 2013, Defendant filed opposition to Plaintiff's motion for new trial and/or to alter or amend the judgment. (ECF No. 259.)

## II.  LEGAL STANDARD

A.  <u>Motion for New Trial under Fed. R. Civ. P. 59(a)</u>

A motion for a new trial under Fed. R. Civ. P. 59(a) may be granted "on all or some of the issues . . . to any party . . . for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a). This rule allows a trial court to set aside the verdict and order a new trial only if "(1) the verdict is against the clear weight of the

---

[2] The court granted Defendants summary judgment on Plaintiff's claim for breach of express warranty on April 12, 2013. (<u>See</u> ECF No. 113.) In addition, Plaintiff voluntarily dismissed any remaining negligence claims and her claim for breach of an implied warranty of merchantability. (ECF No. 245, 255.)

evidence, or (2) is based upon evidence which is false, or (3) will result in a miscarriage of justice even though there may be substantial evidence which would prevent the direction of a verdict." Atlas Food Sys. & Servs. Inc. v. Crane Nat'l Vendors, Inc., 99 F.3d 587, 594 (4th Cir. 1996). This "federal" standard applies to a motion for new trial as to a verdict on a state law claim if the motion does not rest on the alleged excessiveness of the jury's verdict. See Gasperini v. Ctr. for Humanities, Inc., 518 U.S. 415, 426-31 (1996); Konkel v. Bob Evans Farms, Inc., 165 F.3d 275, 280-81 (4th Cir. 1999). In evaluating a motion for a new trial, the district court has the discretion to "weigh the evidence and consider the credibility of witnesses." Knussman v. Maryland, 272 F.3d 625, 647 (4th Cir. 2001); Swentek v. USAIR, Inc., 830 F.2d 552, 559 (4th Cir. 1987).

B.      Motion to Alter or Amend a Judgment under Fed. R. Civ. P. 59(e)

The decision whether to amend or alter a judgment pursuant to Fed. R. Civ. P. 59(e) is within the sound discretion of the district court. Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). Under Fed. R. Civ. P. 59(e), a court may "alter or amend the judgment if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." Robinson v. Wix Filtration Corp., 599 F.3d 403, 407 (4th Cir. 2010); see also Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 235 (4th Cir. 1994). It is the moving party's burden to establish one of these three grounds in order to obtain relief under Rule 59(e). Loren Data Corp. v. GXS, Inc., 501 Fed. Appx. 275, 285 (4th Cir. 2012).

"[R]ule [59(e)] permits a district court to correct its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'" Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). However, Rule 59 motions "may not be

3

used to make arguments that could have been made before the judgment was entered." Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002). Nor should they be used as opportunities to rehash issues already ruled upon because a litigant is displeased with the result. See Hutchinson v. Staton, 994 F.2d 1076, 1082 (4th Cir. 1993) (stating that "mere disagreement does not support a Rule 59(e) motion"); see also Consulting Eng'rs, Inc. v. Geometric Software Solutions & Structure Works LLC, 2007 WL 2021901, at *2 (D.S.C. July 6, 2007) ("A party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion, and such motion should not be used to rehash arguments previously presented or to submit evidence which should have been previously submitted."). "In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Pac. Ins. Co., 148 F.3d at 403.

In her motion, Plaintiff does not rely on an intervening change in controlling law or refer to new evidence previously unavailable. Instead, she asserts that the court committed a manifest injustice and/or clear error of law. Clear error occurs when the reviewing court "is left with the definite and firm conviction that a mistake has been committed." United States v. Harvey, 532 F.3d 326, 336 (4th Cir. 2008) (internal quotation marks omitted); see also United States v. Martinez–Melgar, 591 F.3d 733, 738 (4th Cir. 2010) ("[C]lear error occurs when a district court's factual findings are against the clear weight of the evidence considered as a whole.") (internal quotation marks omitted); Miller v. Mercy Hosp., Inc., 720 F.2d 356, 361 n.5 (4th Cir. 1983) (explaining that a district court's factual finding is clearly erroneous if "the finding is against the great preponderance of the evidence") (internal quotation marks omitted). Manifest injustice occurs where the court "has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension . . . ." Campero USA Corp. v. ADS Foodservice, LLC, 916 F.

Supp. 2d 1284, 1292-93 (S.D. Fla. 2012) (citations omitted).

## III.   ANALYSIS

A.   The Parties' Arguments Regarding Plaintiff's Motion for New Trial and/or to Alter or Amend the Judgment

Plaintiff first argues that the court erred in directing a verdict on her negligence claim in favor of TGNA based on a finding that "TGNA did not have a duty of due care to ensure that the airbag was not defective because it lacked knowledge as the manufacturing, testing and inspection of the product prior to the airbag being imported by TGNA into the United States." (ECF No. 258 at 1-2 (referencing ECF No. 240).)  Plaintiff asserts that TGNA's duty was "that of an importer of a component part manufactured by a foreign corporation" as defined by federal law. (Id. at 3.)  Moreover, as an importer, TGNA had "a duty to exercise due care to ensure that [the] product it imports is not defective." (Id. at 4.)  In this regard, Plaintiff argues that she submitted sufficient evidence establishing TGNA as an importer of the airbag such that the court erred when it directed a verdict for TGNA. (Id. at 5.)  Based on the foregoing, Plaintiff asserts she is entitled to a new trial.

Plaintiff next contends that she is entitled to a new trial because she suffered prejudice when the court gave the following jury charge regarding products liability:

> In a products liability case like this one, Plaintiff must establish three elements, regardless of the theory of recovery: (1) April Lynn Quinton was injured by the product; (2) the product, at the time of the accident, was in essentially the same condition as when it left the hands of Defendants; and (3) the injury occurred because the product was in a defective condition unreasonably dangerous to April Lynn Quinton as a user of the product.

(ECF No. 258 at 6 (citing ECF No. 246 at 6).)  Plaintiff argues that April Quinton was not injured by a defective product, but the failure of the product allowed her to be injured. (Id. at 7.) As a result, Plaintiff argues that by giving an instruction requiring Plaintiff to show that the product caused the injury, the court misled, confused, and provided the jury with an inaccurate

5

statement of the law.  (Id. at 6.)

In her third and final argument in support of her motion for new trial and/or to alter or amend the judgment, Plaintiff contends that a manifest injustice occurred because the court wrongly excluded certain claims and entered a verdict and judgment that were against the greater weight of the evidence.  (Id. at 7-8.)  Plaintiff does not specify which claims were wrongly excluded, but she argues generally that the court's actions denied her a fair trial.  (Id. at 8.)

Defendants oppose Plaintiff's motion for new trial and/or to alter or amend the judgment. (ECF No. 259.)  First, they assert that the court's grant of judgment as a matter of law on Plaintiff's negligence claim was validated by the jury's verdict on strict liability, finding no manufacturing defect and no proximate causation.  (Id. at 3-6 (citing, e.g., ECF No. 251; Branham v. Ford Motor Co., 701 S.E.2d 5, 9 (S.C. 2010) ("If one claim is dismissed and the basis of the dismissal rests on a common element shared by the companion claim, the companion claim must also be dismissed.")).)

Defendants next assert that the court correctly determined that Plaintiff had failed to prove that TGNA owed Plaintiff a duty of care as the "importer."  (ECF No. 259 at 7-11.) Defendants further assert that Plaintiff waived any argument that the court's products liability jury instruction was erroneous because she failed to object to it during trial.  (Id. at 11-12 (citing Fed. R. Civ. P. 51(c)(1) ("A party who objects to an instruction or the failure to give an instruction must do so on the record, stating distinctly the matter objected to and the grounds for the objection.")).)  However, even if Plaintiff's ability to object to the jury instruction was not waived, Defendants assert that the court's instruction was a clear and accurate statement of South Carolina law.  (Id. at 13-16.)

Finally, Defendants contend that Plaintiff's remaining ground that she was denied a fair

trial is non-specific and cannot serve as a basis for setting aside the judgment. (Id. at 16.) Based on the foregoing, Defendants request that the court deny Plaintiff's motion for new trial and/or to alter or amend the judgment.

B.     The Court's Review

Upon the court's review, none of Plaintiff's arguments convince the court that a new trial is warranted. First, the court has previously considered and rejected Plaintiff's argument regarding TGNA's status as an importer and is still not persuaded that Plaintiff's position has merit. (See ECF No. 240.) In her pending motion, Plaintiff makes the same arguments previously made as to why she feels the court erred in concluding that TGNA was not an importer. (Compare ECF No. 235, with ECF No. 258.) Therefore, because Plaintiff has not presented any new substantive argument on this issue, the court's conclusion remains unchanged.

As to Plaintiff's contention that she is entitled to a new trial as a result of an allegedly improper jury instruction on products liability, evidence of plain error allows the court to still consider Plaintiff's arguments even if she failed to object to the instruction at trial. See Fed. R. Civ. P. 51(d)(2) ("A court may consider a plain error in the instructions that has not been preserved . . . if the error affects substantial rights."); see also Dorsey v. Town of Bluffton, C/A No. 9:12-cv-00705-DCN, 2013 WL 3786347, at *2 (D.S.C. July 18, 2013) ("When a party has failed to preserve an objection to an improper jury instruction, the court may nevertheless consider that error if it is a plain error that affects substantial rights."). To establish plain error, a party must show: "(1) there is an error; (2) the error is plain; (3) the error affects substantial rights; and (4) . . . the error seriously affects the fairness, integrity or public reputation of judicial proceedings." In re Celotex Corp., 124 F.3d 619, 630–31 (4th Cir. 1997) (citing United States v. Olano, 507 U.S. 725, 730 (1993)). Here, Plaintiff cannot establish plain error because her

evidence does not support the conclusion that the jury found in Defendants' favor as to her strict liability claim because of the products liability instruction.  See, e.g., United States v. Hastings, 134 F.3d 235, 243 (4th Cir. 1998) ("[I]n order to establish the actual prejudice required by the third prong of plain-error review, [][the movant] must demonstrate that the erroneous [] instruction given by the district court resulted in [][the verdict against him].").  As a result, the court does not find that its products liability jury instruction entitles Plaintiff to a new trial.

In her third ground for a new trial, Plaintiff only asserts that the court wrongly excluded certain claims and entered a verdict and judgment that were against the greater weight of the evidence.  The court finds that this ground is not sufficiently specific to either identify the exact nature of the alleged error or warrant granting a new trial.  Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion.  The motion must: . . . state with particularity the grounds for seeking the order; . . . .").  Therefore, upon consideration of the parties' arguments in the context of the applicable law, the court finds that Plaintiff's motion for a new trial should be denied.

The court is also not convinced by Plaintiff's arguments that manifest injustice or clear error has occurred, thus requiring the court to alter or amend the judgment in this matter.  See, e.g., TFWS, Inc. v. Franchot, 572 F.3d 186, 194 (4th Cir. 2009) ("A prior decision does not qualify for this third exception by being "just maybe or probably wrong; it must . . . strike [the Court] as wrong with the force of a five-week-old, unrefrigerated dead fish.") (quoting Bellsouth Telesensor v. Info. Sys. & Networks Corp., Nos. 92-2355, 92-2437, 1995 WL 520978, at *5 n.6 (4th Cir. Sept. 5, 1995)); Hutchinson v. Staton, 994 F.2d 1076, 1082 (4th Cir. 1993); see also Anderson v. City of Bessemer City, 470 U.S. 564, 573-74 (1985) (Under the "clear error" standard, a trial court's decision will not be set aside so long as it is "plausible in light of the

record viewed in its entirety."); <u>United States v. U.S. Gypsum Co.</u>, 333 U.S. 364, 395 (1948). Accordingly, the court denies Plaintiff's motion to alter or amend the judgment.

## IV.    CONCLUSION

For the foregoing reasons, the court **DENIES** Plaintiff's motion for a new trial and/or to alter or amend the court's judgment.  (ECF No. 258.)

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

February 7, 2014
Greenville, South Carolina